No. 20858.

James Edward Padilla *v.* People of the
State of Colorado.
(397 P.2d 741)

Decided December 21, 1964.

Bert A. Gallegos, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

Plaintiff in error was defendant in a criminal action in the Huerfano District Court wherein he was found guilty of assault with intent to rape and sentenced to the state penitentiary. Motion for a new trial was denied.

On writ of error defendant presents five points in the summary of his argument for reversal of the judgment of conviction. They may be grouped under two headings, as follows: 1. that hearsay evidence, over objection, was admitted by the court; 2. that the court admitted, through witnesses from the FBI, evidence and exhibits, all of which, it is claimed, were irrelevant, since they did not constitute any proof as to the commission of the crime charged.

There is no merit to the points relied upon by the defendant seeking to set aside his conviction, and we hold that no error was committed by the court.

First, as to the hearsay testimony, defendant has not by reference to folio numbers, as required by our rules, nor by statements in the brief, directed us to the testimony he characterizes as "hearsay and inadmissible." We have searched the record and presume that the defendant refers to testimony of the father of the prosecutrix in which he related certain statements made to him by his daughter. As to this evidence, the father first described his daughter's appearance, clothed only in her coat, and with bruises and contusions visible on her person; indicating that she had been in a struggle. He further testified as to the complaint made to him that she had been assaulted.

In criminal trials for rape—and this would apply equally as well in a case where rape was attempted but

188

not consumated—the courts are unanimous in holding that it may be shown by the testimony of the prosecuting witness *or that of other witnesses* that the alleged victim made complaint of the outrage soon after its commission *for the purpose of corroborating her testimony* but not as independent evidence of the offense charged. *Davis v. People,* 112 Colo. 452, 150 P.2d 67; *Donaldson v. People,* 33 Colo. 333, 80 Pac. 906; 44 Am. Jur., p. 952, sec. 82.

Evidence of the failure of the person assaulted to make complaint soon after the commission of the outrage is a circumstance which tends to discredit her testimony. *Bueno v. People,* 1 Colo. App. 232, 28 Pac. 248; *Coplin v. People,* 67 Colo. 17, 185 Pac. 254. Therefore, it was proper to show the prosecutrix made a complaint.

On the second point concerning testimony offered through experts from the Federal Bureau of Investigation, this too was corroborative and helped forge a very vital link in the chain of evidence. We fail to comprehend how defendant could characterize it as incompetent, irrelevant and immaterial. One of the expert witnesses testified that he was given a strand of hair identified as having been found in the defendant's automobile, and that he took from the alleged victim samples of her hair and matched them in the FBI laboratory under procedures developed there. He testified unequivocally that the hairs were from one and the same person.

The other FBI expert matched a piece of a torn sheet taken from the defendant's automobile with a part of the sheet which the prosecutrix wrapped around her after all of her clothing had been forcibly taken from her. The expert testified that he was able to match up the fabrics at the place where the tear was made and that the two pieces of fabric matched.

This testimony, both as to the hair and as to the cloth, was corroborative evidence of the fact that the alleged victim had been in the defendant's car as well as tending to corroborate her story that when she sought a

covering for herself she tore the cloth while attempting to get the sheet from the defendant's car. We agree with the trial court's ruling that the testimony and the exhibits were admissible and relevant; the weight to be given to the particular evidence, however, was for the jury.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.