## No. 21882.

FRANCIS JOHN LABLANC *v.* THE PEOPLE OF THE
STATE OF COLORADO
(421 P.2d 474)

Decided December 19, 1966.    Rehearing denied January 9, 1967.

JOHN J. GAUDIO, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*En Banc.*

PER CURIAM.

THE plaintiff in error, hereinafter referred to as the defendant, was convicted of the crimes of rape, burglary, and assault with a deadly weapon, and was sentenced to a lengthy term in the state penitentiary. From this conviction and sentence the defendant now brings error.

The basis of defendant's writ of error is predicated upon three separate contentions. First, the defendant urges that since there was no corroboration of the testimony of the prosecuting witness, the trial court should have granted his motion for judgment of acquittal; second, that the refusal of the court to remove television cameras and other cameras from the courtroom, upon request of the defendant, so prejudiced the defendant that it destroyed the possibility of his receiving a fair and impartial trial; and, third, that the court erred in permitting a Denver detective to testify as to the existence of a tattoo on the defendant and then ordering the

defendant to exhibit his arm to the jury. We hold that there is no merit to any of the contentions of the defendant.

█ As to the defendant's first contention, regarding the non-corroboration of the testimony of the prosecuting witness, it is not the law that corroboration is essential in every case to support a conviction of forcible rape. Each case must be decided on an *ad hoc* basis. The character of the prosecuting witness, the probability or improbability of her testimony or whether it is conflicting and contradictory, are often determinative of the need of corroboration. *Dickens v. People,* 60 Colo. 141, 152 Pac. 909; *Peckham v. People,* 32 Colo. 140, 75 Pac. 422; *Bueno v. People,* 1 Colo. App. 232, 28 Pac. 248.

In the case at bar the prosecuting witness was straightforward, explicit and her testimony was quite detailed. The account of her encounter with the defendant was not improbable, incredible or contradictory, nor was her testimony discredited upon cross-examination. In addition, she testified that immediately upon the defendant's departure from the home following the commission of the offense she summoned the police and made a report of the incident. She then made an appointment with her doctor and called her aunt to care for her children while she kept the appointment.

█ No evidence was presented at the trial which questioned the character or statements of the prosecuting witness, and her testimony stands as believable and uncontradicted.

On the question of corroboration, we said in *Davis v. People,* 112 Colo 452, 150 P.2d 67:

"In criminal trials for rape * * * the courts are unanimous in holding that it may be shown by the testimony of the prosecuting witness, or that of other witnesses, that the prosecutrix made complaint of the outrage soon after its commission, for the purpose of corroborating the testimony of the prosecutrix * * *."

See also *Padilla v. People,* 156 Colo. 186, 397 P.2d 741.

With reference to defendant's second contention, the only matter in the record pertaining to the presence of television cameras or other similar paraphernalia in the courtroom is that contained in a brief colloquy between the defendant, counsel, and the court. It seems that the cameras appeared the first time on the morning of the second day of the trial and before the proceedings began. In the judge's chambers, prior to trial, the defendant advised the court that he objected to his picture being taken. This objection was overruled and the court proceeded to other matters. From the record in this case, it appears that photographers were taking pictures of the defendant prior to the commencement of the proceedings on the second day of trial. Nowhere is it indicated that the pictures were taken during the trial. The burden is upon the defendant to disclose and establish prejudicial error, and there has been no such showing here.

Lastly, on the question of allowing a police officer to describe a tattoo found on the defendant's arm during an examination shortly after his arrest, and on the further point that the trial court erred when it required him to expose to the jury the arm bearing the tattoo, defendant argues that these matters violate the constitutional prohibition against compulsory self-incrimination.

The prohibition against self-incrimination in Section 18, Article II of the Colorado constitution relates only to testimonial evidence and does not exclude one's body as evidence when relevant and material. *Lanford v. People*, 159 Colo. 36, 409 P.2d 829; *Vigil v. People*, 134 Colo. 126, 300 P.2d 545; *Block v. People*, 125 Colo. 36, 240 P.2d 512. The same rule has been announced under the fifth amendment to the Constitution of the United States. *Holt v. United States*, 218 U.S. 245, 31 S. Ct. 2, 54 L. Ed. 1021. There the court held the fifth amendment prohibits only "compulsion to extort communication" and does not exclude the body from evidence.

 We further find that there was no error in allowing a police officer to testify concerning his examination of the defendant's arm and to describe the tattoo he found. The examination in question was not violative of the prohibition against compulsory self-incrimination, and testimony concerning the examination is admissible if relevant and material. *Vigil v. People, supra.*

The judgment is affirmed.