No. 25348

**The People of the State of Colorado v. John F. McCormick**
(508 P.2d 1270)

Decided April 2, 1973. Rehearing denied April 16, 1973.

 

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Vincent Cristiano, for defendant-appellant.

Opinion by MR. JUSTICE LEE.

Appellant was convicted by a jury of first-degree burglary (1965 Perm. Supp., C.R.S. 1963, 40-3-5(1)) and forcible rape (C.R.S. 1963, 40-2-25), and was sentenced to the penitentiary. We affirm the judgment.

The burglary and rape occurred during the late afternoon of November 10, 1970. Appellant gained entry into the prosecutrix's apartment on the pretext of making a telephone call. After using the phone briefly, instead of leaving the apartment he seized the prosecutrix and with physical force violently overcame her resistance, disrobing her and raping her three times. In the course of the encounter, the victim was beaten, bruised, strangled and rendered unconscious. While attempting to fight off her assailant, she succeeded in wounding appellant with a glass ashtray, severely cutting the side of his head and, in the process, cutting her own fingers. After the rape the appellant ordered her into the shower to wash the blood from her body. He also took a shower. She then gave him two towels to stanch the flow of blood from his head, and a sweatshirt to wear. She promised not to call the police if he would leave, which he did.

The prosecutrix immediately called her boyfriend, Larry Grimett, who came over to her apartment. Before she could explain what had happened, the appellant returned, knocking

on the apartment door. He was verbally challenged by Grimett. A struggle ensued and appellant managed to escape in a 1966 Cadillac convertible. The license number on the car was observed by Grimmet and was reported to the police. The car belonged to the appellant's employer. It had been taken by the appellant early in the morning of that day to run some business errands.

Appellant returned to his place of employment. In explanation of his disorderly appearance and the wound on his head, he told his employer that he had been in a barroom fight.

Although appellant testified in his own behalf and denied any wrongdoing, he did not dispute the foregoing testimony. He stated he had been drinking whiskey all day in different bars around town, had become very drunk, and could not remember anything, except that he was involved in a fight with two men, thus accounting for the injury to his head.

## I.

The first assignment of error challenges the sufficiency of the evidence. We are not impressed with appellant's arguments concerning insufficient identification, lack of corroboration, or inconsistency in the People's evidence. We observe generally that the record contains ample competent evidence to support the jury's guilty verdicts and, as has so often been declared by this Court, on review this Court will not substitute its judgment for that of the jury. *People v. Vigil,* 180 Colo. 104, 502 P.2d 418; *People v. Woll,* 178 Colo. 443, 498 P.2d 935; *Bennett v. People,* 155 Colo. 101, 392 P.2d 657.

Concerning identification of appellant as the assailant, the evidence was clear and positive. The victim observed him for approximately forty-five minutes. Grimett observed him when he returned to the scene and as he fled. Both identified him in court without equivocation. The weight of this testimony was for the jury. *Armstead v. People,* 168 Colo. 485, 452 P.2d 8; *Cokley v. People,* 168 Colo. 52, 449 P.2d 824; *Gould v. People,* 167 Colo. 113, 445 P.2d 580.

Concerning the rape and corroboration thereof, it is

not the law as contended by appellant that corroboration is necessary in every rape to support a conviction. Rather, each case must be decided on its own facts and circumstances. *Johnson v. People,* 172 Colo. 406, 473 P.2d 974; *LaBlanc v. People,* 161 Colo. 274, 421 P.2d 474. Here, however, the facts and circumstances, if believed, substantially corroborated the prosecutrix's claim that she was raped. Among them are the hysterical demeanor of the prosecutrix, her disheveled appearance, the blood on her face, the cuts on her fingers, the bruises on her body, the disarray of the apartment furniture and furnishings, the broken ashtray, the blood-stained man's shirt, the appellant seen wearing the sweatshirt, his flight from the apartment house in his employer's automobile, the wound on his head, and the blood on his face.

Likewise, the alleged discrepancies and inconsistencies in the People's evidence only bear upon the weight to be accorded such evidence. *Jaggers v. People,* 174 Colo. 430, 484 P.2d 796; *Cokley v. People, supra.*

We find no merit to these arguments.

## II.

Concerning the burglary conviction, appellant asserts there was a deficiency in the proof of the specific intent required to be shown upon entry into the victim's apartment. The jury was properly instructed as to specific intent and this was also a question of fact for its determination. Specific intent may be inferred from the circumstances surrounding the accused's entry into the apartment, together with what occurred after the entry was gained. *People v. Sorber,* 179 Colo. 434, 501 P.2d 121; *Johnson v. People,* 174 Colo. 413, 484 P.2d 110; *Peterson v. People,* 133 Colo. 516, 297 P.2d 529. Here, the jury could reasonably infer that appellant used the ruse of making a telephone call to gain entry, intending at that time to commit rape upon the occupant of the apartment. This is borne out by the brevity of the telephone call, the slamming of the outside door, and the immediate attack upon the victim. We find no deficiency in the record in this respect.

## III.

■ Appellant complains the court prejudicially erred in refusing to permit his witness, Dr. Goldfarb, to testify whether appellant had gonorrhea on November 20 and 21, based upon a hospital medical report prepared by another doctor. Appellant's theory was that the victim admittedly was shown to have had the venereal disease and that if appellant was shown to be free of the disease, he could not have been guilty of the rape. Aside from the questionable validity of appellant's theory, it was apparent that he had not been examined by Dr. Goldfarb and the court properly refused to permit him to testify to his opinion, which would clearly have been hearsay based upon another's medical diagnosis. This testimony was properly rejected by the court.

## IV.

Appellant's final arguments relate to ineffective assistance of counsel. He asserts that certain witnesses were not called and certain hypothetical questions were not asked of Dr. Goldfarb. We note that appellant's counsel on appeal was not his trial counsel.

■ The uncalled witnesses, appellant asserts, would have testified concerning the venereal disease matter and the hypotheticals would have also related to that subject. We do not consider the failure of trial counsel to call these witnesses or to propound those hypothetical questions, as suggested by appellant's counsel· here in hindsight, to amount to ineffective assistance of counsel, such as to require the granting of a new trial. As we view it, this was a matter of trial strategy. Mere disagreement as to trial strategy does not equate with ineffective assistance of counsel. *Morse v. People,* 180 Colo. 49, 501 P.2d 1328. In any event, however, there has not been demonstrated the flagrant shortcomings in the trial of this case from which it could be reasonably concluded that appellant's counsel was incompetent, or that his representation of the appellant was a sham, farce, or conducted in bad faith. *Evans v. People,* 175 Colo. 269, 486 P.2d 1062; *Dolan v. People,* 168 Colo. 19, 449 P.2d 828; *Torres v. People,* 159 Colo. 254, 411 P.2d 10.

The judgment is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.