No. 25556
No. 25593

The People of the State of Colorado v.
Richard Gomez and Jose Gilberto Trujillo
(519 P.2d 1191)

Decided March 18, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane,

Chief Deputy, Kenneth J. Russell, Deputy, Thomas M. Van Cleave III, Deputy, for defendants-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

After a trial before a jury defendant Gomez was found guilty of rape and defendant Trujillo was found guilty of rape and assault with intent to commit rape. We affirm the rape convictions and reverse the assault with intent to commit rape conviction.

The testimony in this case was in conflict. The victim testified through an interpreter that she was 78 years of age; that on May 27, 1971, the two defendants and a third person broke into her home; that defendant Trujillo grabbed her arms while defendant Gomez put his hand over her mouth and disrobed her; that Trujillo then carried her to her bedroom where he climbed on her bed and used her "[l]ike men generally do with a woman"; that the victim allowed Trujillo to so use her because she was an invalid and unable to defend herself; that Trujillo stayed there until 3:00 o'clock a.m.; and that she did not tell anyone of the incident until the following morning because she did not want to disturb anyone at such an early hour.

Her testimony that she was rather badly bruised and that her arm was bleeding was corroborated.

Defendant Trujillo testified that on prior occasions he had had sexual intercourse with the victim; that on the night in question she voluntarily let him into her house; that the two then had an argument concerning whether or not he was in a state of intoxication; that at one point he grabbed her arm, but the argument was quickly settled; and that subsequently, with her consent, the two engaged in sexual intercourse.

Defendant Gomez denied ever being inside the victim's house.

## I.

Defendant Trujillo argues that the victim's assertion

that she had been raped is too incredulous to constitute proof beyond a reasonable doubt. While in her interpreted testimony she did not say expressly that there was sexual intercourse, it was undisputed that intercourse occurred as Trujillo himself so testified. The testimony of the victim and Trujillo differed as to whether the intercourse was consensual. The evidence was sufficient to sustain Trujillo's rape conviction. It is a function of the jury to resolve conflicts in the evidence and to assess the credibility of witnesses; and we, as a reviewing court, do not substitute our judgment for that of the jury. *People v. McCormick,* 181 Colo. 162, 508 P.2d 1270 (1973).

II.

It is undisputed that defendant Gomez left the victim's house prior to the act of intercourse between defendant Trujillo and the victim. Because of this fact Gomez argues that he could not be convicted of rape on the basis of being an accessory to the rape. We disagree. An accessory is defined as one "who stands by and aids, abets or assists, or who, *not being present,* aiding, abetting or assisting, *has advised and encouraged the perpetration* of the crime." (Emphasis added.) C.R.S. 1963, 40-1-12. The italicized portion of the statute specifically includes the situation where, as here, the accessory is not physically present but has advised and encouraged the perpetration of the crime. The victim testified that Gomez had disrobed her. From this testimony the jury could have reasonably concluded that Gomez "advised and encouraged" the rape.

III.

Mrs. Celia Herrera, the victim's granddaughter, testified that on the morning following the rape her grandmother had told her that she had been raped. The defendants argue that this testimony was inadmissible hearsay evidence.

The law in Colorado is clear that
" '[i]n criminal trials for rape . . . it may be shown by the testimony of the prosecuting witness, or that of other witnesses, that the prosecutrix made complaint of the outrage *soon after its commission,* for the purpose of corroborating the testimony of the prosecutrix.' " *La Blanc*

*v. People,* 161 Colo. 274, 421 P.2d 474 (1966) (Emphasis added.)

The defendants contend that the granddaughter's testimony does not fall within this rule because the victim's complaint was not made until the morning after the rape. In *DeSalvo v. People,* 98 Colo. 368, 56 P.2d 28 (1936), nearly an identical situation existed in that the victim failed to complain to her family or the police until the morning following the rape. *DeSalvo* held that this complaint to a police officer constituted a "recent complaint within the meaning of the law" and that the officer's corroborative testimony was thus admissible. Following *DeSalvo,* we hold that the granddaughter's testimony was properly admitted.

## IV.

Expert medical witness Dr. Hick testified that on the basis of his examination on the morning following the rape his diagnosis was "assault and rape." The trial court immediately instructed the jury to disregard this portion of the doctor's testimony. Claiming that a witness cannot testify as to matters calling for an ultimate factual conclusion, the defendants contend that the trial court erred in refusing to grant their motion for a mistrial.

Assuming *arguendo* that the statement was improper, the cautionary instruction given was sufficient to dispel any prejudice which might have resulted from the doctor's testimony. We have held that the granting or denial of a motion for a mistrial lies within the sound discretion of the trial judge. *People v. Elliston,* 181 Colo. 118, 508 P.2d 379 (1973). There was no abuse of discretion here.

## V.

The testimony was without conflict that Trujillo did not leave the victim's house until 3:00 a.m., and that the next morning she notified her neighbor, her granddaughter, the Chief of Police and her doctor as to what had happened. She testified that she did not go next door immediately after Trujillo had left and tell her neighbor because she did not want to disturb the neighbor at such an early hour. The court instructed the jury as follows:

"[U]pon the trial of a Defendant accused of the crime of

rape, the fact, if it be a fact, that [the complaining witness] made prompt and early complaint of the wrong and injury committed upon her person is evidence which may be received and considered by the jury in corroboration of her other testimony, but it is not independent evidence of the offense charged."

The defendant contends that this instruction is an incorrect statement of the law and that the court should have instructed the jury that failure to make a complaint soon after the alleged offense is a circumstance which stands to discredit the victim's testimony. The instruction as given is a correct statement of the law. *Padilla v. People,* 156 Colo. 186, 397 P.2d 741 (1964). The defendants did not tender an instruction as to the proposition they assert. Crim. P. 30; *People v. Sharpe,* 183 Colo. 64, 514 P.2d 1138 (1973).

## VI.

■ The People have confessed error, and we agree, that because assault with intent to commit rape is a lesser included offense of rape, Trujillo's conviction of assault with intent to commit rape must be set aside.

The judgments are affirmed except that the assault with intent to commit rape conviction is reversed and the cause is remanded to the district court with directions to vacate the judgment and sentence as to the assault charge.

MR. CHIEF JUSTICE PRINGLE does not participate.