## No. 25769

## The People of the State of Colorado v. Ray Cruz
(523 P.2d 1401)

Decided July 1, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

Appellant Cruz presents only one issue in this appeal from his conviction of the crime of burglary: whether the evidence

was sufficient to convict him of burglary. We hold that it was and therefore affirm.

## I.

The facts at trial showed that the residence of one Mrs. Perez — the complainant — had been burglarized. The defendant had been in the Perez home the night before the burglary. The day of the crime, he, a Mrs. Ricio and one George Mata came by and invited the complainant to go with them for a beer. They went to a bar near her residence. Defendant and Mrs. Ricio left the bar. At approximately the same time a neighbor saw the defendant and a woman who appeared similar to Mrs. Ricio drive up in a green car and open the car trunk. The defendant then proceeded to hit the front door with an unidentifiable object and, eventually, went inside the Perez apartment. Later, this eye-witness heard the trunk slam. She went to the window again and saw the defendant and the woman leave and hurriedly drive away. The police were then called.

When the police arrived, the eye-witness and the investigating officer located Mrs. Perez. Together, they went to the victim's house and discovered that a color television was missing. The defendant was charged with the theft of that television and burglary. He was acquitted of the theft charge and convicted of burglary. This appeal followed.

## II.

Appellant's argument that the evidence was insufficient is principally directed to the inability of the eye-witness to adequately describe the object that defendant was hitting. She testified on direct examination that it was the padlock, but on cross-examination admitted she couldn't see what he was hitting. Defendant makes the argument that because of this inconsistency and that the evidence of the eye-witness was contradictory, the People failed to prove their case. We disagree.

It is well established in Colorado, as elsewhere, that it is the jury's duty to resolve any conflicts in the evidence. *See, e.g., People v. McCormick,* 181 Colo. 162, 508 P.2d 1270 (1973). While the supposed difficulty of seeing what

defendant was hitting may put in question the eye-witness' ability to view all that transpired, other corroborative facts in the record — including that entry was made into the residence by forceably prying off the hasp with a bar — tie in with the eye-witness' testimony.

Viewed in the light most favorable to the jury verdict, *People v. Vigil,* 180 Colo. 104, 502 P.2d 418 (1972), there is no doubt the evidence was sufficient.

The judgment is affirmed.