## No. 26532

## The People of the State of Colorado v. David Albert Zallar

(553 P.2d 756)

Decided August 30, 1976.            Rehearing denied September 13, 1976.

Robert L. Russell, District Attorney, Anthony A. Johnson, Deputy, for plaintiff-appellee.

Raymond Duitch, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

On May 6, 1973, an automobile belonging to Patrick Graham was broken into and certain items were taken. A grand jury indicted the defendant for felony theft by receiving and charged that he had unlawfully received "a thing or things of value of more than one hundred dollars." 1971 Perm. Supp., C.R.S. 1963, 40-4-401.[1] He was convicted by a jury and has appealed. We affirm.

He has raised four issues on appeal:

■ (1) Zallar contends that the trial court erred in allowing evidence of the value of the goods taken to be combined to arrive at the value of the goods set forth in the indictment. It was not error to aggregate the value of the goods. 1971 Perm. Supp., C.R.S. 1963, 40-4-401; *People v. Paris*, 182 Colo. 148, 511 P.2d 893 (1973).

■ (2) The second asserted error is that the owner of the stolen goods was incompetent to testify as to their value. We adhere to our previous position that an owner is always competent to testify as to the value of his property. *People v. Paris, supra.*

■ (3) He claims the admission of evidence of prior similar transactions was error. Error did not occur because the defendant raised the issue of his prior transactions in stolen goods on direct examination. The prosecution was entitled to rebut the defendant's testimony which disclaimed the prior transactions. *See Tanksley v. People*, 171 Colo. 77, 464 P.2d 862 (1970).

■ (4) Failure to disclose the name of a prosecution witness in pretrial discovery is alleged as the fourth error. The prosecuting attorney has acknowledged that he inadvertently failed to designate one witness at the time discovery was requested. The witness was later made known to the defendant, and a timely objection was not made. Moreover, the record clearly reflects that the defendant had prior knowledge of the witness' testimony. The omission was not of sufficient significance to result in the denial of a fair trial, and no prejudice was shown. Therefore, nondisclosure of the name of the witness did not constitute reversible error. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

Accordingly, we affirm.

___

[1]Now section 18-4-401, C.R.S. 1973.