## No. 28438

## The People of the State of Colorado v.
## Jimmy Lee Griffith

(595 P.2d 231)

Decided May 21, 1979.                     Rehearing denied June 11, 1979.

J.D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David Schwartz, Assistant, Maureen Phelan, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Margaret L. O'Leary, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Jimmy Lee Griffith was convicted by a jury of second-degree burglary, section 18-4-203, C.R.S. 1973 (1978 Repl. Vol. 8), and criminal mischief over $100, section 18-4-501, C.R.S. 1973 (1978 Repl. Vol. 8). On appeal, he asserts that the evidence was insufficient to sustain conviction of either charge and that the credibility of two minor witnesses was such that the court should have granted his motion for a judgment of acquittal. Griffith relies upon *People v. Urso,* 129 Colo. 292, 269 P.2d 709 (1954), which, in our view, has no application to the facts of this case.

■ When a determination of the defendant's guilt rests upon the credibility of witnesses or the weight to be accorded evidence, the issue of guilt is for the jury to determine. *Roybal v. People,* 177 Colo. 144, 493 P.2d 9 (1972).

■ There was substantial evidence to support the jury verdict, and the trial court properly denied defendant's motion for a judgment of acquittal. *Bennett v. People,* 155 Colo. 101, 392 P.2d 657 (1964).

■ The defendant also asserts that *People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978), should be overruled. We decline to do so. We find no constitutional infirmity in section 13-90-101, C.R.S. 1973, which we upheld in *People v. Henry.* A prosecutor may utilize a defendant's prior felony convictions for impeachment purposes if the defendant elects to testify in his own behalf. *People v. Henry, supra; People v. Velarde,* 196 Colo. 254, 586 P.2d 6 (1978).

The remaining issues are without merit.

Accordingly, we affirm.

MR. JUSTICE CARRIGAN concurs in part and dissents in part.


MR. JUSTICE CARRIGAN concurring in part and dissenting in part:

I respectfully dissent as to that portion of the opinion following, *People v. Velarde,* 196 Colo. 254, 586 P.2d 6 (1978). I adhere to my dissent in that case.