## No. 79SA210

## The People of the State of Colorado v. Robert Fierro

(606 P.2d 1291)

Decided February 19, 1980.                    Rehearing denied March 10, 1980.

---

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Maureen Phelen, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Melvin Rossman, Special Deputy, for defendant-appellant.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

The defendant, Robert Fierro, was convicted by a jury of first-degree sexual assault, sexual assault on a child (sections 18-3-402 and 405, C.R.S. 1973), and aggravated incest (section 18-6-302, C.R.S. 1973).[1] We affirm.

---

[1] The defendant appealed his convictions to the court of appeals, and we granted a transfer of the appeal pursuant to sections 13-4-102(1)(b) and 13-4-110(1)(a), C.R.S. 1973.

The victim in this case was the defendant's eleven-year-old daughter, who was the prosecution's chief witness. The sexual assault occurred when she and her two sisters were visiting at the defendant's home. The victim testified that the defendant had been drinking beer on the evening of November 24, 1975, and that, at his request, she had typed a letter for him. The defendant then sent the victim's sisters to bed and told the victim to accompany him to a store. When they were outside the home, the defendant told the victim that he needed something from a camper trailer parked nearby. The defendant and the victim entered the trailer, where the defendant told the victim that he wanted to have a sexual relationship with her. She refused and began to cry, and the defendant threatened to shoot her with a pistol. He put her on a bed, removed her clothing, and assaulted her sexually. Each time the victim tried to scream, the defendant put the pistol to her head and told her to be silent. After the assault, the defendant warned the victim that he would kill her or have her killed if she reported the incident.

The victim also testified that, on the following day, she and her nine-year-old sister were in the bathroom of the defendant's home. The victim was crying because it hurt her to use the toilet. The younger sister asked her why she was crying, and the victim replied several times that "Daddy did it to me." She was frightened and exacted from her younger sister a promise not to repeat what she had been told.[2] During cross-examination of the younger sister, defense counsel established her uncertainty as to whether the victim had reported to her the occurrence of actual sexual penetration during the commission of the sexual assault.

Two defense witnesses were called. The first was the victim's cousin, who testified that, several months after November 24, 1975, the victim had stated that the defendant had "just tried" to rape her. The second was the victim's older sister, who testified that she had been present at the defendant's home on November 24, 1975, that there was no typewriter in the house, and that the defendant had drunk no beer and had gone to bed before she had on the evening of November 24. The victim made no complaint to her older sister concerning the sexual assault, and the older sister found no blood on the victim's clothing during the performance of laundry chores.

On this appeal, the defendant raises issues relating to: (1) the sufficiency of the evidence; (2) purported inconsistencies in the findings of the jury; (3) the constitutionality of section 18-3-408, C.R.S. 1973, which prohibits the giving of the "Lord Hale" instruction in sexual assault prosecutions; and (4) purportedly inadequate and ineffective representation by

---

[2] The incident was not reported to the police until more than one and one-half years later, when the younger sister repeated the victim's story to her grandmother.

trial counsel.

## I.

■ The defendant advances several challenges to the sufficiency of the prosecution's evidence. At oral argument before this court, the defendant stipulated that it was appropriate to treat these challenges together as an appeal from the trial court's denial of his motion for judgment of acquittal. The issue before the trial judge on that motion was whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, was substantial and supported a conclusion by a reasonable mind that the defendant was guilty of the charges beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). We are convinced that the prosecution's evidence in the case before us met this standard and therefore affirm the denial of the motion for judgment of acquittal.

■ The defendant's principal sufficiency challenge is bottomed on his characterization of the victim's testimony both as uncorroborated and as so improbable and contradictory as to be incapable of standing alone without corroboration. We reject both characterizations. The law in this state is that corroboration of the victim's testimony is not essential in every criminal prosecution for unlawful sexual acts. *People v. McCormick,* 181 Colo. 162, 508 P.2d 1270 (1973); *Johnson v. People,* 172 Colo. 406, 473 P.2d 974 (1970); *LaBlanc v. People,* 161 Colo. 274, 421 P.2d 474 (1967). Rather, the need for corroboration is determined through an *ad hoc* assessment of the character of the prosecuting witness, the probability or improbability of her testimony, and any internal conflicts or contradictions in that testimony. *LaBlanc, supra.* These matter were properly before the jury for its determination.

■ The defendant cites discrepancies between the victim's testimony and the statements of other witnesses. These discrepancies, however, go only to the weight to be given to the victim's testimony, and not the sufficiency of that testimony as support for the defendant's convictions. *McCormick, supra.* Moreover, a complaint about a sexual assault, made soon after its occurrence, can constitute corroboration of the victim's testimony. *People v. Gomez,* 184 Colo. 319, 519 P.2d 1191 (1974).

In this case, the victim's younger sister testified that the victim made such a complaint on the day immediately following the assault charged against the defendant. The jury could reasonably conclude that the tender years of the victim, in conjunction with her justifiable fear that she would be harmed or killed if she reported the defendant's conduct, constitute an explanation for her failure to make a more extensive complaint. *Cf. People v. King,* 41 Colo. App. 177, 581 P.2d 739 (1978) ("[t]o require direct evidence corroborating the child's testimony in a case of this type would be to raise a hurdle to prosecution of such offenses which could not frequently be cleared").

■ The defendant argues that the People did not prove the occurrence of sexual penetration, an essential element of the crime of first-degree sexual assault. *See* sections 18-3-401(6) and 18-3-402(1), C.R.S. 1973. In rejecting this argument, we need refer only to the direct testimony of the victim to the effect that sexual penetration occurred during the commission of the sexual assault by the defendant.

■ The defendant argues further that it was not shown at trial that he at least four years older than the victim at the time of the sexual assault, an essential element of the crime of sexual assault on a child. *See* Section 18-3-405(1), C.R.S. 1973. It is not disputed that the victim was eleven years old at the time of the incident charged against the defendant. The victim testified that the defendant was "in his fifties — fifty-one or fifty-two — somewhere in there." In a proper case, a competent observer may be permitted to state her estimate or opinion as to the age of another, and the estimate will be rejected as without legally sufficient probative value only if it is "surmise, speculation, conjecture or guesswork." *Gallegos v. People,* 176 Colo. 191, 193-194, 489 P.2d 1301, 1302-1303 (1971). Clearly, an eleven-year-old child's estimate of her father's age as within a range greater than her own by only four years is not so inherently speculative as to be without probative value within the rule of *Gallegos, supra.*

■ As his final argument grounded on the sufficiency of the People's evidence, the defendant states that it was not proven at trial that he is the victim's natural father, stepfather, or father by adoption, an essential element of the crime of aggravated incest. *See* section 18-6-302(1), C.R.S. 1973. We disagree. The victim, who identified the defendant as her natural father, was competent to testify concerning her own parentage. *State v. Schut,* 71 Wash.2d 400, 429 P.2d 126 (1967); *E. Cleary, McCormick's Handbook of the Law of Evidence* § 10 (1972).

## II.

■ In addition to the three offenses of which he was convicted, the defendant was also charged with the commission of a "crime of violence." *See* section 16-11-309, C.R.S. 1973 (Vol. 8 & 1978 Supp.). In relation to this fourth charge, the jury returned specific findings that the defendant had not been armed with a deadly weapon during the sexual assault and that he had not used such a weapon to cause the submission of the victim. Therefore, a conviction for "crime of violence" was precluded.

The defendant argues that the guilty verdicts on the charges of first-degree sexual assault, sexual assault on a child, and aggravated incest are inconsistent as a matter of law with the jury's findings relating to the charge of "crime of violence." The defendant relies on *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966), in support of this argument. In *Robles,* we held that a verdict of not guilty on a charge of robbery was inconsistent as a matter of law with the verdict of guilty on a related

conspiracy charge, because the "very same evidence which the jury apparently did not believe was sufficient to prove the defendant participated in the robbery was the *only* evidence which could prove him guilty of conspiracy." *Id.,* 160 Colo. at 301, 417 P.2d at 234 (emphasis in original).

An examination of the People's evidence in the case before us indicates that *Robles* has no application here. Although the testimony of the victim in this case related to a single episode of criminal behavior, her testimony concerning the commission of the sexual assault itself is not the "very same" testimony as that relied on by the People to prove that the defendant had used a deadly weapon to force her to submit to the assault. "It is fundamental that the credibility of a witness is for the jury, which may accept or reject all or any part of the witness' testimony." *People v. Garner,* 187 Colo. 294, 297, 530 P.2d 496, 498 (1975).

### III.

The defendant challenges the constitutionality of section 18-3-408, C.R.S. 1973, which provides, in pertinent part, as follows:
"In any criminal prosecution under sections 18-3-402 to 18-3-405 . . . the jury shall not be instructed to examine with caution the testimony of the victim solely because of the nature of the charge, nor shall the jury be instructed that such a charge is easy to make but difficult to defend against, nor shall any similar instruction be given."
In short, this statute prohibits the giving of the traditional "Lord Hale" instruction in prosecutions for sexual assault. *See generally People v. Sanchez,* 184 Colo. 379, 520 P.2d 751 (1974); *Land v. People,* 171 Colo. 114, 465 P.2d 124 (1970); *Thompson v. People,* 156 Colo. 416, 399 P.2d 776 (1965); *Slocum v. People,* 120 Colo. 86, 207 P.2d 970 (1949). The defendant contends that, because it prohibits the trial court from exercising its discretion with respect to the giving of the "Lord Hale" instruction, section 18-3-408 constitutes a denial of due process of law as guaranteed by the due process clause of the federal constitution and by *Colo. Const.* Art. II, Sec. 25. The defendant cites no authority in support of this contention, and we are not persuaded that section 18-3-408 has operated to deprive him of any right of constitutional dimensions,[3] particularly in light of the fact that the jury in this case was correctly instructed concerning its duty to examine the credibility of each witness who testified at trial.

The Supreme Court of California in *People v. Rincon-Pineda,* 14 Cal.3d 864, 538 P.2d 247, 123 Cal. Rptr. 119 (1975), made an extensive and detailed analysis of the "Lord Hale" rule as originally stated, and as it has evolved over the past three hundred years. It concluded that

---

[3] The defendant has also advanced the argument that section 18-3-408 violates the constitutional requirement of separation of powers set forth in *Colo. Const.* Art. III, because of purported interference with the rule-making power of this court established by *Colo. Const.* Art. VI, Sec. 21. We reject this argument on the authority of *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978).

"[w]hatever might have been its historical significance, the . . . instruction now performs no just function, since criminal charges involving sexual conduct are no more easily made or harder to defend against than many other classes of charges, and those who make such accusations should be deemed no more suspect in credibility than any other class of complainants." *Id.*, 14 Cal.3d at 883, 538 P.2d at 260, 123 Cal. Rptr. at 132. As a parallel to the legislative proscription contained in section 18-3-408, C.R.S. 1973, we adopt the rationale of *Rincon-Pineda, supra,* and specifically disapprove the giving of the "Lord Hale" instruction in prosecutions for unlawful sexual behavior.

## IV.

The defendant contends that he is entitled to a new trial because of purportedly inadequate and ineffective representation by trial counsel. This proposition was advanced for the first time at oral argument before this court, and no specific grounds have been set forth in its support. The issue was not raised in the defendant's motion for a new trial, and we will not consider it on this appeal. Should he desire to do so, the defendant may raise the issue of inadequate and ineffective representation at a post-conviction hearing under Crim. P. 35(b). *People v. Calvaresi,* 198 Colo. 321, 600 P.2d 57 (1979). *Compare People v. Herrera,* 188 Colo. 403, 534 P.2d 1199 (1975) with *People v. Herrera,* 182 Colo. 302, 512 P.2d 1160 (1973).

The judgment of the trial court is affirmed.