The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Charles M. BEIGEL,
Defendant-Appellant.

No. 80CA0012.

Colorado Court of Appeals,
Div. III.

Feb. 18, 1982.

Rehearing Denied March 18, 1982.

Certiorari Granted May 24, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Jeffrey Weinman, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Charles Beigel, appeals his conviction of sexual assault in the first degree. We affirm.

Defendant and one Gilliam met the victim in a bar. She was persuaded by an offer of employment as a "traveling gal Friday" to accompany the two men to their motel. Once there, she was sexually assaulted by each.

Beigel contends on appeal that the trial court committed plain error by failing to instruct the jury on all elements of sexual assault in the first degree. The sexual assault in the first degree statute, § 18-3-402, C.R.S. 1973 (1978 Repl.Vol. 8) reads as follows:

"(1) Any actor who knowingly inflicts sexual penetration on a victim commits a sexual assault in the first degree if:

(a) The actor causes submission of the victim through the actual application of physical force or physical violence; . . . .

(2) Sexual assault in the first degree is a class 3 felony, but it is a class 2 felony if:

(a) In the commission of the sexual assault the actor is physically aided or abetted by one or more other persons; or

(b) The victim suffers serious bodily injury; or

(c) The actor is armed with a deadly weapon and uses the deadly weapon to cause submission of the victim."

The jury instruction read, in pertinent part, as follows:

"A person commits the crime of sexual assault in the first degree if he inflicts sexual penetration on a person, and he causes submission of the person through the actual application of physical force or physical violence.

The elements of sexual assault in the first degree are, therefore: (1) knowingly, (2) inflicts sexual penetration on a victim, and (3) he causes submission of the victim through the actual application of physical force or violence."

On the form of verdict the jury was required to indicate by special interrogatory its finding as to whether defendant was physically aided or abetted in the commission of the sexual assault. The jury found Beigel had been aided or abetted in the commission of the sexual assault.

Beigel argues that the jury instruction was fatally defective because aiding or abetting was not set forth as an element of the crime charged. We disagree.

Section 18-3-402(2), C.R.S. 1973 (1978 Repl.Vol. 8) enumerates three situations which change sexual assault in the first degree from a class 3 to a class 2 felony. Classes of felonies are distinguished by the penalty authorized on conviction. See § 18-1-105(3), C.R.S. 1973 (1978 Repl.Vol. 8). Thus, a classification of felony does not in and of itself create a substantive offense; it merely establishes the boundaries within which a court may impose a sentence. In this respect § 18-3-402(2) is analogous to the violent crime statute which "only prescribes circumstances wherein one found guilty of a specific crime may be more severely penalized." *Brown v. District Court*, 195 Colo. 45, 569 P.2d 1390 (1979). Hence, that defendant was aided or abetted by another does not change the nature of the substantive crime of sexual assault in the first degree. Rather, the jury's finding by special interrogatory that

**950**

defendant was aided or abetted allows the court to impose a longer sentence.

The application of § 18–3–402(2) is triggered only by a finding of guilty of the substantive offense and the special finding relates only to sentencing for the substantive offense. Thus, the jury was properly instructed on the elements of sexual assault in the first degree.

Defendant also maintains that the jury was not properly instructed on the defintion of aiding or abetting, suggesting that aiding or abetting requires physical assistance during the actual act of penetration. Thus, he contends that the trial court should have granted his motion for a judgment of acquittal because there was no evidence that Beigel and Gilliam assaulted the victim simultaneously. We do not interpret the statute so narrowly.

The victim testified that Gilliam blocked her escape immediately prior to the time Beigel assaulted her. Beigel was thus aided in the commission of the crime within the meaning of § 18–3–402(2)(a), C.R.S. 1973 (1978 Repl.Vol. 8). Accordingly, Beigel's motion for a judgment of acquittal was properly denied. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

Finally, defendant argues that he was prejudiced by the prosecution's failure to reveal the address of one witness. This argument is without merit. There is no indication of any intentional misconduct by the prosecution, and defendant declined the court's offer for a continuance when the witness' address became known. Moreover, the defense did in fact have an opportunity to interview the witness. Beigel has not shown any prejudice that would constitute reversible error. *People v. Zallar*, 191 Colo. 492, 553 P.2d 756 (1976).

The judgment of conviction is affirmed.

PIERCE and KELLY, JJ., concur.