**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Jack A. GRAHAM, Defendant-Appellant.**

**No. 82CA0570.**

Colorado Court of Appeals,
Div. III.

Oct. 13, 1983.

Rehearing Denied Dec. 8, 1983.

Certiorari Denied March 26, 1984.

Certiorari Denied May 29, 1984.
See 104 S.Ct. 2660.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeralyn E. Merritt, Denver, for defendant-appellant.

BERMAN, Judge.

The defendant was convicted by a jury of first degree sexual assault, menacing, and third degree assault and was sentenced to concurrent terms of incarceration of six years, two years, and two years, respectively. He appeals. We affirm.

The prosecution's case-in-chief consisted primarily of testimony of the victim, then a high school senior. She testified that during the night of April 20, 1981, and continuing to 7:00 a.m. on April 21, the defendant, a former boyfriend of her mother, brutalized and sexually assaulted her in the apartment she shares with her mother. She testified that she was forced to submit to the assault and various indignities by the defendant, who, at times during the

incident, choked and threatened her with a kitchen knife.

At approximately 7:00 a.m. the defendant dropped the victim off at her high school, where she reported the incident to school authorities. At the time of the incident the victim's mother was in the hospital.

At trial, the prosecution presented the testimony of the victim's mother, as well as that of the school officials to whom the victim first reported the assault, and of the investigating officers to corroborate the victim's story. Defendant presented various expert testimony, but did not himself testify.

Following his conviction, defendant moved for a new trial based on affidavits from certain jurors indicating that, during their deliberations, some of them had considered defendant's failure to testify, as well as defendant's demeanor and facial expression, and had allowed such factors to affect adversely their determination of defendant's guilt. During that hearing, the court denied defendant's motion for new trial and held that, contrary to defendant's contentions, (1) the victim's testimony was not incredible as a matter of law, (2) the prosecution produced sufficient evidence from which it could be determined that defendant was guilty on the sexual assault charge beyond a reasonable doubt, (3) the testimony of the school officials and the investigating officer did not substantially prejudice defendant, and (4) any failure by the prosecution to comply with discovery requirements did not deprive defendant of a fair trial.

During the subsequent sentencing hearing, defendant objected to the court's consideration of a letter from defendant's daughter to the district attorney alleging the defendant had sexually assaulted her four years earlier.

## I.

The defendant contends first that the victim's testimony was incredible as a matter of law. Defendant's position is that this, together with a lack of any scientific evidence, should have resulted in the trial

court granting defendant's motion for judgment of acquittal. We disagree.

■ The proper standard to be used by a trial court in passing upon a motion for judgment of acquittal is whether the relevant evidence, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Brassfield*, 652 P.2d 588 (Colo.1982); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). Here, in light of the testimony of the victim and her mother, that standard was met.

■ The testimony of a witness may not be ruled incredible as a matter of law unless it is totally unbelievable. *People v. Brassfield, supra; People v. Gennings*, 196 Colo. 208, 583 P.2d 908 (1978). Where the victim of a traumatic event recounts details of that event differently on various occasions, it is not necessarily an indication that the victim's story is incredible. The variance in sequence and detail may be due to the trauma of the event or to a lapse in time. Any inconsistencies within a witness' testimony and contradictions between witnesses on a particular fact affect only the witnesses' credibility and must be resolved by the jury. *People v. Brassfield, supra; People v. Griffith*, 197 Colo. 544, 595 P.2d 231 (1979); *Roybal v. People*, 177 Colo. 144, 493 P.2d 9 (1972).

■ Scientific evidence to support the victim's testimony is not a legal prerequisite to a jury's finding that the defendant is guilty of unlawful sexual behavior. *See People v. Fierro*, 199 Colo. 215, 606 P.2d 1291 (1980).

## II.

■ Defendant's second argument is that the trial court erred in admitting testimony of the two school authorities and the investigating officer, in violation of CRE 801(d)(1)(B). CRE 801(d)(1)(B) states that a statement is not hearsay if the declarant testifies at trial, is subject to cross-exami-

nation concerning the statement, and the statement is consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication of improper influence or motive.

Here, the trial court found that the victim's motive had been brought into question by the defendant's impeachment of the victim using her prior inconsistent statements during cross-examination. The defendant's theory was that the victim had fabricated the entire assault story because she disliked him. The court also found that, although the victim's statements concerning the incident which were elicited through the testimony of the school authorities and investigating officer contained some inconsistencies, those statements still were primarily consistent with the statement being impeached by the defendant. Therefore, it concluded that the admission of such testimony did not violate CRE 801. We agree with this assessment of the admissibility of the testimony.

Nor do we find that the probative value of the testimony was substantially outweighed by unfair prejudice. Evidence that a sexual assault victim made a prompt complaint has long been permitted as conduct corroborative of, and consistent with, a victim's testimony. *People v. Fierro, supra; People v. Gallegos,* 644 P.2d 920 (Colo.1982); *Padilla v. People,* 156 Colo. 186, 397 P.2d 741 (1964).

The trial court did state during the prosecution's offer of proof regarding the investigating officer's testimony that it "might" have made a mistake in admitting the testimony of the school authorities. However, this statement was superseded by the court's later ruling that those witnesses' statements, although not what the court was expecting, were still properly admissible under CRE 801(d)(1)(B).

The granting of a motion for a mistrial is within the discretion of the trial court and the prejudice asserted must be substantial. *Hamrick v. People,* 624 P.2d 1320 (Colo. 1981). The trial court did not err in denying defendant's motion for mistrial because the testimony of the school authorities and the investigating officer was properly admissible as non-hearsay under CRE 801.

### III.

The defendant argues that the prosecution violated Crim.P. 16 by failing to inform him that the victim's mother would testify that she was missing her favorite kitchen knife. In addition, the defendant alleges the prosecution failed to give him a copy of a report concerning the results of urine tests on a blue towel, which allegedly was used to wipe the victim's face after defendant had urinated on her face, and to disclose the substance of a physician's testimony concerning her physical examination of the victim after the sexual assault.

As to the testimony of the victim's mother concerning her missing kitchen knife, we find no reversible discovery violations for two reasons. First, this facet of the mother's testimony was learned by the prosecution in an oral interview, and there is no duty of the prosecution to reduce oral interviews with witnesses to writing and to provide the same to defense counsel. *People v. Garcia,* 627 P.2d 255 (Colo.App.1980), *cert. denied* (1981). Second, a conviction will not be reversed because of non-compliance with discovery rules absent a cogent demonstration of prejudice to the defendant, *People v. Steed,* 189 Colo. 212, 540 P.2d 323 (1975), and no such demonstration was made here.

The defendant did not object at trial to the testimony concerning the kitchen knife, nor did he request a continuance or make any suggestion to the trial court that he needed additional time to prepare an adequate defense. Failure to contemporaneously object to the admission of evidence precludes appellate review of the matter, unless the alleged error is so serious as to prejudice basic rights of the defendant. *People v. Taggart,* 621 P.2d 1375 (Colo. 1981). In the case at bar, we find no such prejudice to the defendant. Rather, any claim by the defendant at the appellate level that he was unfairly surprised and unable to prepare adequately for cross-ex-

amination is thoroughly discredited by his failure to move for a continuance at the trial level. *See United States v. McPartlin,* 595 F.2d 1321 (7th Cir.1979) (failure of defendants to renew request for a continuance thoroughly discredits their assertion that they were prejudiced by the timing of disclosure).

■■■■ Regarding the report of the results of the urine test on the towel, we find no Crim.P. 16 violation which would justify reversing defendant's conviction. Defense counsel did not request an order from the trial court to compel production of the report, nor did he request a continuance. In addition, the defendant admits that he knew the results of the test several months before the trial started. Under such circumstances, technical non-compliance with Crim.P. 16 does not constitute reversible error. *People v. Steed, supra.* Evidence is generally not improperly withheld if the defense has knowledge of it. *State v. Jarrell,* 608 P.2d 218 (Utah 1980). *See also People v. Zallar,* 191 Colo. 492, 553 P.2d 756 (1976).

■■■■ The third discovery violation alleged by defendant on appeal is that the district attorney withheld information that the physician who examined the victim believed that the marks on the victim's neck were consistent with her having been choked. The district attorney learned of the physician's opinion in an oral interview. Since it appears that this interview was not recorded in any manner, the district attorney was under no duty to furnish the doctor's opinions to the defendant. *People v. Garcia, supra.* In addition, the defendant admitted he learned of the physician's opinion concerning the choke marks before trial and did not request a continuance. Hence, once again, we find no prejudice to the defendant. *United States v. McPartlin, supra; State v. Jarrell, supra.*

■■■■ We hold that the defendant was not denied his constitutional right to a fair trial under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The defendant's discovery motion was a general request for information, and he made no showing that any of the information in issue was exculpatory or impeaching. Hence, the defendant has failed to show materiality as required by *Brady* and has failed to show prejudice as required by *People v. Steed, supra.*

## IV.

■■■■ Defendant also asserts reversible error occurred because, in arriving at a guilty verdict, some jurors considered the facial expressions and demeanor of the defendant and the defendant's failure to testify. Defendant seeks to impeach the jury verdict by affidavits to this effect.

A jury verdict may not be impeached by affidavit except in very limited circumstances involving external influence improperly bearing upon the jury. CRE 606(b); *Santilli v. Pueblo,* 184 Colo. 432, 521 P.2d 170 (1974). Impeachment of a verdict on grounds which delve into the mental processes of jury deliberation is not permitted. *Santilli v. Pueblo, supra; Morris v. Redak,* 124 Colo. 27, 234 P.2d 908 (1951).

Here, we find no indication of jury tampering, coercion, bribery, or gross misconduct so as to allow impeachment of the verdict for misconduct. Nor do we find any extrinsic influence improperly brought to bear on the jury. *People v. Constant,* 645 P.2d 843 (Colo.1982), cited by defendant, is inapposite. Hence, defendant's attack upon the jury verdict is unavailing.

## V.

■■■■ Finally, defendant argues that the trial court abused its discretion in sentencing the defendant after improperly considering a letter sent to the district attorney from the defendant's daughter. We find no error in the trial court's sentence.

The defendant was sentenced within the presumptive range for the offenses for which he was convicted. Section 18–1–105, C.R.S.1973 (1982 Cum.Supp.). In determining an appropriate sentence, the trial court may conduct a broad inquiry, largely unlim-

ited as to the kinds of information it may consider, and it has wide discretion in determining what sentence is appropriate. Moreover, sentences imposed within statutory limits are generally not subject to review. *U.S. v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). *See also People v. Lowery*, 642 P.2d 515 (Colo.1982).

In *Tucker*, the court found that the sentence of the defendant was based upon "misinformation of a constitutional magnitude." In contrast, in the instant case, there is no proof that the information upon which defendant was sentenced was in any way materially inaccurate. The defendant merely raises bald inquiries, unsupported by any proof.

Contrary to defense counsel's allegations, the record as a whole reveals that the sentence imposed rested on communications that were neither "secret" nor "ex parte." Rather, defendant's attorney admitted having seen a copy of the letter in question and having tried to contact defendant's daughter. Moreover, there is no evidence in the record which suggests that defendant's sentence was imposed on the basis of that letter.

■ The defendant argues that the trial court erred in denying probation and sentencing him to a term of incarceration within the presumptive range. However, the denial of probation is not subject to appellate review. Section 16–11–101(1)(a), C.R.S. 1973 (1978 Repl.Vol. 8). *People v. Godwin*, 679 P.2d 1095 (Colo.App.1983).

Judgment affirmed.

KELLY, J., concurs.

TURSI, J., specially concurs.

TURSI, Judge, specially concurring.

I specially concur because of concern with the possible interpretations of Part III of our opinion.

I agree that under the facts of this case, defendant has failed to show prejudice because of the People's failure to disclose the evidence discussed in Part III. *See People*

*v. Steed*, 189 Colo. 212, 540 P.2d 323 (1975). But, what concerns me is that this opinion may be read to create an unqualified rule that there is never a duty on the People to reduce oral interviews with witnesses to writing, and thus, no duty to provide the content of the interview to defense counsel. *See People v. Garcia*, 627 P.2d 255 (Colo. App.1980).

Although the statement of this rule accurately reflects the prosecution's obligation pursuant to Crim.P. 16, it cannot be used to relieve the prosecutor from the duty to disclose information which may be exculpatory or inculpatory to the defendant by the device of not reducing oral interviews to writing. *See United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *See also United States v. Jackson*, 579 F.2d 553 (10th Cir.1978).