Michael NAVARRO, Plaintiff–Appellant,

v.

Kristy S. DITMORE, Defendant–Appellee.

No. 90CA0436.

Colorado Court of Appeals, Div. V.

Sept. 12, 1991.

Joe Orell, Colorado Springs, for plaintiff-appellant.

Cleveland & Robbins, P.C., Daniel B. Stageman, Colorado Springs, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, Michael Navarro, appeals the trial court's judgment entered on a jury verdict in favor of defendant, Kristy S. Ditmore. We affirm.

Plaintiff was injured when the automobile he was driving was struck, while stopped at an intersection, by the vehicle operated by defendant. Though evidence established that roadways in the area were relatively clear, there was controversy concerning the presence of ice on the road surface at the scene. While defendant claimed that the accident was unavoidable because of an icy condition, plaintiff maintained that the accident was caused by defendant's negligence.

## I.

Plaintiff first contends that the verdict is not supported by the evidence. We are not persuaded.

A review of the record reveals conflicting testimony by the parties as to the events and road condition at the scene of the accident. However, it is the function of the fact-finder to assess the credibility of witnesses, and it may accept or reject all or any part of their testimony. *People v. Fierro*, 199 Colo. 215, 606 P.2d 1291 (1980). The jury, apparently accepting defendant's testimony as credible, found her not negligent.

As we conclude there is sufficient evidence in the record to support this finding, it must be sustained upon review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

### A.

Plaintiff next contends that the trial court erred in failing to direct the jury to correct a manifestly inconsistent verdict. We disagree.

The jury completed special verdict form A, based upon *CJI–Civ.2d* 9:36 (1988), as follows:

"1. Did the Plaintiff, MICHAEL NAVARRO, incur injuries? (Yes or No)
ANSWER: YES

"2. Was the Defendant, KRISTY S. DITMORE, negligent? (Yes or No)
ANSWER: NO

"3. Was the Defendant's negligence, if any, a cause of any of the injuries claimed by the Plaintiff? (Yes or No)
ANSWER: YES"

Plaintiff argues that the answers to questions 2 and 3 are inconsistent and that the intent of the jury is, thus, not clear. While we agree that consideration of the completed verdict form, when limited to the three questions and answers, gives rise to confusion, we nevertheless conclude that the intent of the jurors here is ascertainable.

It is the duty of an appellate court to reconcile the jury's answers to special verdicts, if it is at all possible, based upon the evidence and the instructions given. Further, if there is a view of the case that make the jury's answers consistent, the answers must be resolved that way. *Lonardo v. Litvak Meat Co.*, 676 P.2d 1229 (Colo.App.1983).

Here, jury instructions 12 and 26 both clearly informed the jurors that if they found defendant not to have been negligent, then their verdict must be for defendant. The jurors' response to question 2, which is not ambiguous, precludes a conclusion that they attributed negligence to defendant. In addition, each juror signed the

verdict form beneath the statement which declared that the jury "[finds] the issues for the Defendant, KRISTY S. DIT-MORE." Finally, the jury elected to complete verdict form A rather than the alternative form B which it could have chosen had it wished to award damages to plaintiff.

Accordingly, upon considering the evidence and instructions as a whole, we agree with the trial court's conclusion that it was the intention of the jury to find that the defendant was not negligent. Hence, its ruling on this matter was not reversible error.

### B.

 Plaintiff finally contends that the trial court's failure to poll the members of the jury when requested to do so is reversible error. Again, we disagree.

For the proposition that polling of the jury is mandatory upon request, plaintiff relies upon *Kading v. Kading*, 683 P.2d 373 (Colo.App.1984). However, we do not interpret *Kading* as so requiring.

There, the jury returned a verdict which, though signed by all jurors, contained an obvious error mismatching damages awarded for separate causes of action. The court instructed the jury to correct the error, which it did. Upon return of the corrected verdict, the jury was polled. Thereafter, on appeal, this court found no reversible error in the trial court's failure to poll the jury as to its originally submitted verdict.

C.R.C.P. 47(q) states that the jury "shall be conducted into the court.... The names of the jurors shall be called, and the jurors shall be asked by the court or clerk if they have agreed on a verdict ... [and] they shall hand the same to the clerk. The clerk shall enter in his record names of the jurors." In contrast to these mandatory provisions, the rule continues: "[U]pon a request of any party the jury *may* be polled." (emphasis added)

This is also in marked contrast to the analogous rule of criminal procedure which clearly mandates polling upon request:

"When the verdict is returned and before it is recorded, the jury *shall* be polled at the request of any party or upon the court's own motion." Crim.P. 31(d) (emphasis added).

Polling the jury serves to ascertain that each member concurs in the decision. Here, each juror individually signed the verdict form finding for defendant. This has the same effect as polling the jury in that it affirms the concurrence of each member. *See Kading, supra.*

In consequence, we conclude that, while polling the jury would have been the better practice, the trial court did not abuse its discretion in refusing to do so.

The judgment is affirmed.

PLANK and JONES, JJ., concur.