REPATH ET AL. v. WALKER ET AL.

NEW TRIAL — MISCONDUCT OF JUDGE AND JURY.— Where the record
    on appeal shows by uncontradicted affidavits that the jury, during
    the time they were supposed to be deliberating, were seen on the
    streets, one of the jurors being intoxicated, and that the trial
    judge was intoxicated on the trial, and at the time of overruling
    a motion for new trial, based on the jury's misconduct, the judg-
    ment will be reversed.

*Appeal from Hinsdale County Court.*

Messrs. J. W. MILLS and MARKHAM & DILLON, for ap-
pellants.

Messrs. G. W. & L. I. HENRY, for appellees.

RICHMOND, C.   This cause was tried by a jury in the
county court of Hinsdale county, on appeal from a jus-
tice of the peace, and verdict rendered for the sum of
$106.95 in favor of plaintiffs, Walker & Greenfield.  Mo-
tion for a new trial by defendants, Henry and Eliza
Repath, overruled, and judgment entered.   Twenty-four
errors are assigned, but we do not think it necessary, for
the purposes of determining this appeal, to consider any
of the questions of law presented by the assignment of
errors.   The record discloses the fact to be that the jury,
during the time they were deliberating or supposed to
be deliberating upon their verdict, were seen on the
streets of Lake City, and one of the jurors, it appears,
was in a state of intoxication.   It also appears from affi-
davits that the judge trying the cause was, during the
disposition of the same, and at the time of ruling upon
the motion for a new trial, intoxicated.

The burden of the appellants' argument is directed to
the conduct of the judge during the trial, and his con-
dition at the time the cause was pending before him.
Several affidavits appear in the record, establishing the
assertions of intoxication of the judge, and one affida-

vit the intoxication of one of the jurors. Those affida-
vits are uncontradicted.

One of the great and essential characteristics, as well
as privileges, of the law is that litigants shall have a fair
and impartial trial; and while it has been determined by
this court in *Jones v. People*, 6 Colo. 452, that a moder-
ate use of liquor by a juror is not ground for the reversal
of a judgment, it is clearly true that it can be assumed,
from the language of the opinion in that case, that the
intoxication of a juror while deliberating upon a verdict
is sufficient to affect his deliberation or judgment; and
such seems to be the conclusion of the court in the case
of *Wilson v. Abrahams*, 1 Hill, 207, wherein the court
uses this language: "I cannot think it sufficient ground
for setting aside the verdict, unless there is some reason
to suppose that the juror drank to excess, or at the ex-
pense or on the invitation of one of the parties." If the
intoxication of a juror during the time he is deliberating
upon his verdict be sufficient ground upon which to base
a reversal of the judgment of a lower court, how much
more so should the intoxication of a judge, during the
disposition of a case, be ground for the conclusion that a
fair and impartial trial was not accorded to the appellant
in the court below.

The ground for a motion for a new trial was the mis-
conduct of the jury, based upon the affidavit of the mar-
shal of the town of Lake City, to the effect that the jury
were permitted to separate and roam at large about the
town, and that one of the jurors, while so walking the
streets, was under the influence of intoxicating drink.
Such an allegation, uncontradicted, was sufficient to jus-
tify the court below in setting aside the verdict and
granting a new trial; but how can it be said that a judge
is competent to pass upon questions of this nature when
he himself, holding a court, is in a similar, if not worse,
condition than it is alleged the juror was during the de-
liberation upon the verdict? As the purpose of every

judicial inquiry is the ascertainment of truth and the dealing out of even-handed justice, such inquiry presupposes in a court a calm, thorough and strictly impartial investigation; and in order that such a result should follow, it occurs to us that sobriety on the part of the judge while determining the interests of litigants is essentially requisite. It would be better to submit questions in dispute to the arbitration of chance than to the decision of a tribunal which is not thoroughly upright and scrupulously fair as between litigants; and can it be said that an upright judge, a scrupulously fair man, one who appreciates the dignity of his office, can impartially determine the interests of litigants, and fairly administer the law, when in a state of intoxication? Such conduct on the part of a judge is not only reprehensible, but is indeed criminal.

This cause, in our judgment, should be reversed on the ground solely of our belief that a fair and impartial trial was not had by the defendant below, owing to the misconduct of the juror as well as of the judge.

We concur: PATTISON, C.; REED, C.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*