**William Edward DUGGINS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12108.**

Criminal Court of Appeals of Oklahoma.
May 4, 1955.

Orval Grim, Falls Church, Va., Harold Witcher, Cordell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The appellant, William Edward Duggins, was charged by information filed in the district court of Washita County with the crime of burglary in the second degree, a subsequent offense; was tried before a jury, convicted and his punishment fixed by the jury at a term of ten years confinement in the State penitentiary.

The information charged that on or about March 10, 1953 the defendant did commit the crime of burglary in the second degree, a subsequent offense, "in that on said day and date, etc., said Edward Duggins, acting conjointly with Vernon Heath, did unlawfully, wilfully, wrongfully, and feloniously break and enter a certain combined filling station and grocery store building, belonging to and in the possession of B. F. Medlin, located on lots 11 and 12, block 25, East Hill Addition to the City of New Cordell, Oklahoma, wherein certain personal property, belonging to and in possession of B. F. Medlin was then and there kept and stored, to-wit: money, both

currency and silver, groceries, and 1 black coin purse, by forcing the lock on the south front door of said building, opening said door, and entering into said building, with the unlawful and felonious intent, then and there, on the part of him, the said William Edward Duggins, to take, steal, and carry away the said personal property so kept and stored, from and out of the possession of the said B. F. Medlin, the owner thereof, without the knowledge or consent of, and against the will of the said B. F. Medlin, and to convert the same to his own use and benefit; the same being a subsequent offense in that the said William Edward Duggins was heretofore duly convicted of the crime of riot in the district court of Custer County, Oklahoma, on the 13th day of February, 1945, in cause No. 1347 therein, and sentenced to serve a term of 10 years in the State Penitentiary at McAlester, Oklahoma, and that said sentence has become and is final, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State."

The State used some ten witnesses in proving the allegations of the information. The defendant did not testify and offered no evidence.

Defendant based his appeal on two propositions: The first being the failure of the court to give defendant's requested instruction No. 1, reading: "You are further instructed that if you find the defendant guilty you shall fix his punishment as provided for elsewhere in these instructions."

■ This instruction, trial counsel admits, was given in substance in the court's instruction No. 6A, but in said instruction the court did advise the jury, "should you be unable to agree upon the punishment you shall so state in your verdict that you find the defendant guilty, naming the offense, but cannot agree upon the punishment and leave the same to be assessed by the court."

The court did not err in giving the instruction complained of. Ladd v: State, 89 Okl.Cr. 294, 207 P.2d 350; Tilghman v. Burns, 91 Okl.Cr. 359, 219 P.2d 263. Further, the jury in fact fixed the punishment.

■ The second proposition involved the admission in evidence by the trial judge of a certified copy of the judgment and sentence in the case of State of Oklahoma v. Edward Duggins, in criminal case No. 1347 in the district court of Custer County. Defense counsel at trial thought the judgment itself not admissible. Arlene Klopenstein, deputy court clerk of Custer County, testified to having then in her possession the original file in the case, swore that the original judgment had been lost but the State's Exhibit 9 was a true and certified copy of the recorded judgment in the case, and included the sheriff's return showing the delivery of Edward Duggins to the State Penitentiary at McAlester, in accordance with the judgment. The court permitted the introduction of said certified copy as the best evidence available, Uhlenhake v. State, 58 Okl.Cr. 248, 52 P.2d 117, and ruled it admissible in proof of a prior conviction as charged in the information under the habitual criminal statute. Tit. 21 O.S.1951 § 51. This was not error. Paragraph 8 of the syllabus in Scott v. State, 85 Okl.Cr. 213, 186 P.2d 336, 342.

Trial counsel tacitly admits that the above authorities seem to preclude a reversal on the ground that he had relied on at trial. No further alleged errors have been pointed out.

We have carefully read the entire record including the instructions of the court, and do not find reversible error. We do find that the verdict of the jury and the judgment based thereon are amply supported by the evidence.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.