No. C-395

**Thomas L. Santilli and Marlene Santilli v.
Pueblo, a Municipal Corporation**

(521 P.2d 170)

Decided April 15, 1974.

Seavy & Jensen, Alan N. Jensen, for petitioners.

Laurence A. Ardell, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the decision of the Court of Appeals in *Santilli v. Pueblo,* 32 Colo. App. 312, 511 P.2d 928 (1973) and particularly the holding therein that "A verdict cannot be impeached by the affidavit of a juror." We believe that this holding is too broad. However, we hold that the Court of Appeals was correct in not permitting the juror to impeach the verdict by the affidavit in this case, and we therefore affirm.

A recitation of the facts is unnecessary for disposition of this appeal. It is sufficient to state that the affidavit of the juror alleges that the jurors misunderstood one of the instructions and implies that the verdict would have been different if the instruction had been correctly understood. Although it is the generally accepted rule that an affidavit of a juror cannot be made the basis for impeaching the verdict, there are exceptions which are recognized in most jurisdictions. In each of the following Colorado cases, the jury verdict was set aside when the affidavit revealed certain misconduct on the part of one or more of the jurors. *Wharton v. People,* 104 Colo. 260, 90 P.2d 615 (1939) [juror threatened by fellow jurors] and *Repath v. Walker,* 13 Colo. 109, 21 P. 917 (1889) [juror intoxicated].

No case has been cited to us, nor have we discovered any in which a verdict has been impeached because of an alleged misunderstanding of a jury instruction. Rather, Colorado has

not permitted impeachment of a verdict on grounds which delve into the mental processes of the jury deliberation. *Morris v. Redak,* 124 Colo. 27, 234 P.2d 908 (1951). To allow such inquiry could subject jurors to harassment and coercion after the verdict and create uncertainty on the finality of verdicts.

Other authorities have expressed the view that impeachment is permissible to expose jury misconduct and external influences but not to inquire into the mental processes of jurors in arriving at a verdict. *7 J. Wigmore, Evidence* § 2349(a) (McNaughton Rev.) and Proposed Federal Rules of Evidence, Rule 606(b). *Farmer's Co-op El. Ass'n Non-stock Big Springs, Neb. v. Strand,* 382 F.2d 224 (8th Cir. 1967) specifically dealt with an affidavit which alleged that the court's instruction to the jury had been misinterpreted. It was rejected as a basis for impeaching the verdict.

Judgment affirmed.

MR. JUSTICE DAY does not participate.