Leroy Joseph ROME, Plaintiff-Appellant,

v.

Francis J. GAFFREY, Defendant-Appellee.

No. 81CA0953.

Colorado Court of Appeals, Div. III.

July 15, 1982.

Rehearing Denied Aug. 26, 1982.

Certiorari Denied Nov. 15, 1982.

Morrisard & Rossi, P.C., John J. Rossi, Aurora, Criswell, Patterson, McNamara, Myles & Bell, John A. Criswell, Englewood, for plaintiff-appellant.

Zarlengo, Mott & Zarlengo, Lee Crosby Skaalerud, Denver, for defendant-appellee.

KELLY, Judge.

Plaintiff, LeRoy Rome, sued defendant, Francis Gaffrey, for personal injuries. Following a jury verdict in favor of plaintiff, and before the entry of judgment, the trial court granted defendant's motion for new trial based on alleged jury misconduct. Plaintiff appeals the judgment in his favor in a lesser amount, entered upon retrial, challenging under C.R.C.P. 59(g) the validity of the order granting a new trial. We set aside the judgment and remand for entry of judgment on the verdict returned at the first trial.

It is uncontroverted that the jury was properly instructed on the issue of comparative negligence. On a special verdict form, the jurors answered interrogatories indicating that the percentage of negligence chargeable to the defendant was 53%, the percentage chargeable to the plaintiff was 47%, and the plaintiff's total damages were $200,000. This would have resulted in a judgment for plaintiff in the amount of $106,000. Several weeks later, the defendant moved for a new trial pursuant to C.R.C.P. 59(a)(1) and (2). All six jurors executed affidavits stating that, based upon their misunderstanding of certain advisory instructions, they believed that the plaintiff would be awarded $6,000.

In its ruling on defendant's motion for new trial, the trial court stated that it was considering the affidavits not for the purpose of impeaching the jury verdict, but in order to determine whether there was any irregularity in the proceedings. The trial court found that, although there was sufficient evidence to support a verdict of $200,-000, the jurors' mistake constituted an irregularity in the proceedings. The plaintiff was given a choice between a remittitur to $6,000 and a new trial.

While defendant acknowledges that Colorado does not permit impeachment of a verdict on grounds which delve into the mental process of the jury deliberations, *Santilli v. Pueblo,* 184 Colo. 432, 521 P.2d 170 (1974), he argues that this case is encompassed by the exception to that rule for a mistakenly recorded verdict. *See Young v. United States,* 163 F.2d 187 (10th Cir.), *cert. denied,* 332 U.S. 770, 68 S.Ct. 83, 92 L.Ed.2d 355 (1947). However, the jurors in this case were polled and each juror acknowledged that $200,000 was the verdict agreed upon. The mistake here lay in the jurors' alleged misinterpretation of the court's instruction concerning the result of a finding of comparative negligence. Therefore, this case is controlled by *Santilli,* in which the juror's affidavit stated that "the jury as a whole, during its deliberations, was confused in applying some of the law to portions of the facts." *Santilli v. Pueblo,* 32 Colo.App. 312, 511 P.2d 928 (1973), *aff'd,* 184 Colo. 432, 521 P.2d 170 (1974).

*Continental Baking Co. v. Old Homestead Bread Co.,* 476 F.2d 97 (10th Cir.1973), is distinguishable on its facts. In that case, the amount of the intended verdict was not clear from the face of the verdict form. Before the jury was discharged, the trial court submitted an additional interrogatory to ascertain the intended amount. Here, there was no difference between the amount agreed upon and the amount entered on the verdict form.

The affidavits show that the jurors were confused about the effect of their verdict, which confusion is part of their mental processes. To allow inquiry into such processes "could subject jurors to harassment and coercion after the verdict and create uncertainty on the finality of verdicts." *Santilli, supra,* 184 Colo. at 434, 521 P.2d at 171. Since the affidavits concerned mental processes of the jurors, they were inadmissible at the hearing on defendant's motion for new trial. Colorado Rules of Evidence 606(b). Thus, the trial court erred in granting defendant's motion for new trial.

The judgment entered upon retrial is set aside and the cause is remanded with directions to reinstate the verdict of the jury

at the first trial and to enter judgment thereon.

BERMAN and KIRSHBAUM, JJ., concur.