Linda MILLICAN and Nigel Clayton, the natural parents of April Lea Clayton, Deceased, Plaintiffs-Appellants,

v.

Rick WOLFE and Shirley Wolfe, individually, and d/b/a the Soda Saloon; Robert Dietz; and J.D. Carelli, Defendants-Appellees.

No. 83CA0326.

Colorado Court of Appeals,
Div. II.

Jan. 10, 1985.
Rehearing Denied Jan. 31, 1985.
Certiorari Granted May 28, 1985.

George Alan Holley & Assoc., P.C., Dennis B. Polk, Golden, for plaintiffs-appellants.

Montgomery Little Young Campbell & McGrew, P.C., William H. Remine, III, Englewood, for defendants-appellees.

KELLY, Judge.

Plaintiffs, Linda Millican and Nigel Clayton, sought damages for the wrongful death of their two-year-old daughter, April Lea Clayton, and Linda Millican sought damages for negligent infliction of emotional distress. The jury awarded the plaintiffs $4,024 on the wrongful death claim and $7,500 on Linda Millican's separate claim for negligent infliction of emotional distress. Linda Millican appeals, arguing that the trial court erred by not instructing the jury that she was entitled to recover damages for permanent injury and damages for her daughter's wrongful death, as well as damages resulting from witnessing her daughter's death. Plaintiffs also argue that they are entitled to a new trial because the amount of the verdict is inadequate and because the jury reached its verdict by using a quotient method. We disagree with these contentions, and therefore affirm.

Linda Millican, her two daughters, and her mother-in-law went into The Soda Saloon, an ice cream parlor in Central City, to purchase ice cream. The business was owned and operated by the defendants, Rick and Shirley Wolfe, and the premises were owned by defendant J.D. Carelli. Located within the store were two antique slot machines which dispensed gold ore samples. These slot machines were owned by defendant, Robert Dietz, and leased to the Wolfes. One of the slot machines toppled over and injured April Lea Clayton in the presence of her mother. The injury was followed by the child's death a short time later.

Millican tendered an instruction on damages resulting from permanent injuries which the trial court refused. We find no merit to Millican's argument that the trial court erred in this regard.

As the trial court ruled, Millican was not entitled to an instruction on permanent injury because there was not any evidence that she suffered permanent injury. *See Barter Machinery & Supply Co. v. Muchow*, 169 Colo. 100, 453 P.2d 804 (1969). The trial court instructed the jury that she was entitled to recover for future physical or mental pain and suffering. This instruction is all that was required under the evidence here.

Millican next argues that she can recover all of the damages caused by the death of her daughter in her negligent infliction of emotional distress claim. These damages, she contends, are in addition to those recoverable for wrongful death. The trial court ruled that Millican's damages are limited to those caused by seeing the accident and do not extend to all damages caused by the consequent death.

Although Colorado has broadened the scope of negligent-infliction-of-emotional-distress claims by abolishing the impact requirement in cases in which the distress has resulted in serious physical manifestations, recovery is limited to damages suffered as a result of witnessing the accident. *Towns v. Anderson*, 195 Colo. 517, 579 P.2d 1163 (1978). Millican's argument would extend the reach of *Towns v. Anderson* because Millican was not subjected to any unreasonable risk of bodily harm as was the plaintiff in *Towns*. Millican suf-

fered bodily harm from the emotional distress that resulted from her being present when her daughter was injured. Nevertheless, the claim for relief is based upon witnessing the accident, not upon the consequent death or injury of the child. A wrongful death action is Millican's sole remedy for the damages she sustained because of her daughter's death, and such damages are limited to net pecuniary loss suffered by the survivors. *Morrison v. Bradley*, 655 P.2d 385 (Colo.1982). Therefore, the plaintiffs' argument must fail.

■ Plaintiffs also argue that they are entitled to a new trial pursuant to C.R.C.P. 59(a)(5) because the damages award is inadequate as a matter of law. A new trial is warranted only if the damages are manifestly inadequate, or so small in amount as to indicate, clearly and definitely, that the jury neglected to take into consideration evidence of the plaintiffs' injuries. In the absence of an articulable basis in fact or law as to the asserted inadequacy of the damages, a new trial on that issue is not justified. *Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980).

■ Here, the award was supported by the evidence, and there was no showing that it was grossly inadequate to compensate plaintiffs for their pecuniary loss. It will not be disturbed.

Finally, citing *Denver v. Talarico*, 99 Colo. 178, 61 P.2d 1 (1936), the plaintiffs challenge the awards as being the result of a prohibited quotient verdict. Plaintiffs have not met their burden of proving that there was a quotient verdict.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.