The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Earl S. BLACK, Defendant-Appellant.

No. 84CA0441.

Colorado Court of Appeals,
Div. III.

Jan. 23, 1986.

Rehearing Denied March 13, 1986.

Certiorari Denied Sept. 8, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Earl S. Black, appeals from a judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault, alleging that two jury members were coerced into agreeing to a guilty verdict. We affirm.

Following trial on the sexual assault charge, defendant filed affidavits from two jurors, including the foreperson, stating that they "would not have stated a verdict of guilty but for the coercion imposed ... by the other jurors." At a hearing on defendant's motion for new trial, one juror testified that she was "talked into" agreeing to a guilty verdict and that:

"It just got to the point where I was just mentally exhausted and I couldn't argue with these people any more and I just gave in."

The other juror testified that she "wasn't convinced, but ... just couldn't argue any more." Both jurors testified that they doubted defendant's guilt and immediately regretted the verdict. At the conclusion of the hearing, the trial court found that the jurors were subjected to "repeated arguments," but not to abuse or threats. The trial court therefore denied the motion.

On appeal, defendant contends that the trial court erred in failing to grant him a new trial as a result of the influence exerted upon the two jurors. We disagree.

CRE 606(b) codifies the previously existing common law rule which precludes inquiry into the mental processes of jurors in arriving at a verdict or into any matter or statement occurring during the jury's deliberations, *see Santilli v. Pueblo*, 184 Colo. 432, 521 P.2d 170 (1974), except under narrowly circumscribed circumstances. *See Wharton v. People*, 104 Colo. 260, 90 P.2d 615 (1939) (juror threatened by other jurors); *Kading v. Kading*, 683 P.2d 373 (Colo.App.1984) (scrivener's error by jury).

Defendant's contention that the pressure exerted upon the two jurors rose to the level of that present in *Wharton v. People, supra,* is not supported by the record. Whether pressures exerted upon fellow jurors reach the point where their assents to the verdict were obtained by threats which vitiate the unanimity of the verdict may be tested in a hearing before the trial court. In such hearing, the trial court must apply an objective rather than a subjective test.

In *Wharton,* the jurors were "abusive in their language, threatening in their manner, and coercive in their conduct" and allegedly made threats of "physical combat" towards the one juror who disagreed with the majority. Here, there was no evidence of threats, abuse, or any coercion beyond mere argumentation. The trial court therefore properly denied defendant's motion for new trial.

Judgment affirmed.

TURSI and METZGER, JJ., concur.