**Anita WILSON, Plaintiff–Appellant,**

v.

**Pamela O'REILLY, Defendant–Appellee.**

**No. 92CA0638.**

Colorado Court of Appeals,
Div. I.

July 1, 1993.

Rehearing Denied Aug. 19, 1993.

Certiorari Denied Jan. 24, 1994.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, for plaintiff-appellant.

John R. Rodman & Associates, Bradley Ross–Shannon, Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

In this action to recover damages for injuries incurred in an automobile accident, plaintiff, Anita Wilson, appeals the judgment entered on a jury verdict in favor of defendant, Pamela O'Reilly. We affirm.

The accident at issue allegedly occurred when the defendant's vehicle pulled into one of two through lanes causing plaintiff to swerve, lose control of her car, and crash into a tree. Plaintiff was ejected from the car and sustained a compression fracture to her back.

At trial, defendant denied negligence and asserted as an affirmative defense that plaintiff's actions in not wearing a seatbelt constituted a failure to mitigate damages. The jury verdict found that defendant had been negligent and that plaintiff had been injured, but that defendant's negligence was not a cause of the plaintiff's injuries.

The sole issue raised by plaintiff on appeal arises from an alleged error in not granting a mistrial based on an incident involving a juror. We perceive no error in the court's ruling.

During the trial and before testimony was concluded, a juror was involved in a one car rollover accident in which she sustained only minor injuries. She was wearing a seatbelt.

When informed of that event, the court conducted a hearing with the juror to determine whether the accident would affect her ability to continue as a juror and whether she could remain fair and impartial.

Earlier, during *voir dire* before the jury was impaneled, the juror had stated that she believed in wearing seatbelts. When the supplemental questioning took place at midtrial, the juror credited the fact that she was wearing a seatbelt with the limitation of her injuries and stated that as a result of her recent experience, "I'm a real believer now" of wearing seatbelts. Nevertheless, the juror stated that even though there was a question of seatbelts in the case on trial, "that wouldn't make any difference to me."

Plaintiff then moved for a mistrial on the basis that the juror was "not the same juror" that had originally been selected because her experience of escaping a serious accident with minor injuries when wearing a seatbelt could result in prejudice to the plaintiff. The court denied the motion, reasoning that the situation did not constitute a radical change in attitude on the part of the juror as her belief in the importance of seatbelts was consistent with her response to questions on the subject during the original *voir dire*. The juror also indicated her ability and willingness to remain uninfluenced by the experience. The court commented that the juror appeared to be "extraordinarily levelheaded and sensible."

Plaintiff contends that we must grant a new trial based on the effect of the irregular incident on the jury. Citing *Canton Oil Corp. v. District Court*, 731 P.2d 687 (Colo. 1987), she asserts that the proper test is not whether the incident actually influenced the verdict, but whether it had the capacity to do so, and that, if such test is applied here, a new trial must result. Plaintiff further argues that the juror's accident was "an experience so extreme in nature and so extensive in degree" that the court must presume as a matter of law that it had the capacity to influence the juror, regardless of the juror's assurances to the contrary. We disagree with plaintiff.

■ Courts are precluded by CRE 606(b) from engaging in direct post-verdict investigations into the deliberative processes of jurors. One seeking to set aside a verdict based on allegations of improper extraneous influence on the jury must establish the fact of such influence and also that there was a reasonable possibility of prejudice. *See Ravin v. Gambrell*, 788 P.2d 817 (Colo.1990).

In *Ravin v. Gambrell* and other cases relied upon by plaintiff, the issue arose in a post-verdict setting in which the court was unable to investigate directly the effect of the influence on the individual jurors involved or the jury as a whole. Here, in contrast, the incident arose and was made known to the court during trial before deliberations began, and thus the court and counsel were able to *voir dire* the juror before concluding the trial. Additionally, the incident was not the result of active juror misconduct or the deliberate or negligent introduction of an irregular influence on the jury by a third person.

Both the court and counsel questioned the juror. Based on her responses the court determined that the juror could remain fair and impartial and render her decision on the evidence presented and instructions given. The court allowed her to continue to serve over plaintiff's objections.

■ Just as we must give deference to the trial court's discretion and to its determination of credibility during *voir dire, People v. Davis*, 794 P.2d 159 (Colo.1990), so too should we give deference to the exercise of

discretion in this situation. We perceive no reason to apply a different rule because of the timing of this supplemental questioning of the juror. Likewise, it is axiomatic that granting or denying a mistrial is a question within the trial court's discretion, the exercise of which will not be disturbed absent an abuse thereof. *States v. R.D. Werner Co.*, 799 P.2d 427 (Colo.App.1990).

The trial court's acceptance of the juror's testimony that she would not be affected by her recent experience, even though it too involved seatbelts, is based on a credibility determination and is binding upon review. It was within the court's prerogative to accept the juror's assurances that she could remain fair and impartial based on its evaluation of her credibility. *See Denver & Rio Grande Western R.R. Co. v. Forster*, 773 P.2d 612 (Colo.App.1989); *see also People v. Johnson*, 757 P.2d 1098 (Colo.App.1988) (disqualification of juror during trial but before deliberations within the discretion of the court). Therefore, we cannot rule that the court erred in its conclusion that the juror would render a fair and impartial verdict unless we conclude that the trial court abused its discretion. *See Denver & Rio Grande Western R.R. Co. v. Forster, supra.*

We note also that § 42-4-236(2), C.R.S. (1992 Cum.Supp.) requires the wearing of "a fastened safety belt while [a] motor vehicle is being operated on a street or highway in this state." For a juror to testify that she believes in wearing seatbelts is tantamount to saying she believes in following the law.

We hold, therefore, that the court acted well within its discretion in determining that the juror could remain fair and impartial after the accident and that neither its subsequent refusal to grant a mistrial nor its denial of the new trial motion, premised on the same grounds, was an abuse of discretion.

Judgment affirmed.

PIERCE and MARQUEZ, JJ., concur.