Chrystal Y. BLACK, Plaintiff–Appellant,

v.

Warren WATERMAN, as Sheriff of the Montrose County Sheriff's Department; and G.R. Rowan, in his individual capacity, and as undersheriff of the Montrose County Sheriff's Department, Defendants Appellees.

No. 02CA0172.

Colorado Court of Appeals, Div. III.

March 27, 2003.

Killian and Guthro, P.C., J. Keith Killian, James P. Guthro, Beecher Threatt, Grand Junction, Colorado, for Plaintiff–Appellant.

Younge & Hockensmith, P.C., Earl G. Rhodes, Jodie L. Behrmann, Grand Junction, Colorado, for Defendant–Appellee Warren Waterman.

No Appearance for Defendant–Appellee G.R. Rowan.

Opinion by Judge WEBB.

In this employment discrimination case, plaintiff, Chrystal Y. Black, appeals from the judgment entered on a jury verdict in her favor on liability, but awarding no compensatory damages against defendants, Warren Waterman, Montrose County Sheriff, and G.R. Rowan, Montrose County undersheriff. She also appeals from the trial court's orders declining to award her back pay or front pay damages and denying her motion for a new trial on compensatory damages. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff worked as a dispatcher and administrative assistant in the sheriff's office for several years until the sheriff discharged her after she complained of sexual harassment by the undersheriff. Plaintiff also asserted that she was subjected to various retaliatory actions, culminating in her discharge. Defendants presented evidence of plaintiff's complicity in some inappropriate workplace conduct, of her consensual relationship with the undersheriff, and of a non-discriminatory reason for her discharge.

The jury found that the undersheriff discriminated against plaintiff by sexually harassing her or exposing her to a hostile work environment and that the sheriff retaliated against her for complaining of unlawful conduct.

After the jury returned its verdict, plaintiff filed a motion that the trial court award her back pay and front pay and a motion for a new trial on compensatory damages. The court denied both motions.

## I. Back Pay and Front Pay

Plaintiff first argues the trial court misapplied the law in denying her back pay and front pay on the bases that she was not the prevailing party and the jury did not award compensatory damages. We agree with plaintiff and conclude that a remand to reconsider awarding back pay and front pay is required.

■ We examine trial court damage awards in employment discrimination cases arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for abuse of discretion, but review underlying legal questions de novo. *United States E.E.O.C. v. W & O, Inc.,* 213 F.3d 600 (11th Cir.2000).

■ As relevant here, 42 U.S.C.A. § 1981a; Civil Rights Act of 1964, § 706(g), as amended, 42 U.S.C.A. § 2000e–5(g) provides that a plaintiff who establishes employment discrimination "may" obtain equitable relief including reinstatement and back pay. Although front pay is not expressly listed as a remedy in Title VII, the power to grant equitable relief has been interpreted as including front pay. *McCue v. Kansas,* 165 F.3d 784 (10th Cir.1999).

■ Back pay is determined by measuring the difference between a plaintiff's actual earnings and the earnings that would have been received, but for discrimination, to the date of judgment. *Gotthardt v. Nat'l R.R. Passenger Corp.,* 191 F.3d 1148 (9th Cir. 1999). Front pay can be awarded for compensation that will be lost from the judgment date until reinstatement or, in lieu of reinstatement, until the plaintiff's earning capacity has fully recovered from the effects of discrimination. *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001).

The Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1), amended Title VII by allowing for recovery of compensatory and punitive damages. Compensatory damages involve mental and emotional suffering. 42 U.S.C. § 1981a. Congress recognized that compensatory and punitive damages may be especially appropriate in sexual harassment cases where neither back pay nor front pay has been lost. *See* H.R.Rep. No. 102–40 (1991), U.S.Code Cong. & Admin.News 1991, 549.

The 1991 Civil Rights Act also made a jury trial available as to liability, compensatory damages, and punitive damages. However, relief under § 706(g) of Title VII is equitable and can be awarded only by the court. *See, e.g., McCue v. Kansas, supra* (equitable remedies include back pay and front pay, while legal remedies include compensatory and punitive damages).

■ These legal and equitable remedies differ in that back pay and front pay are not

subject to the caps on recovery of compensatory damages set forth in the 1991 Civil Rights Act, are not considered elements of compensatory damages, and do not count against the compensatory damages caps. *Pollard v. E.I. du Pont de Nemours & Co., supra; Medlock v. Ortho Biotech, Inc.,* 164 F.3d 545 (10th Cir.1999).

■ Courts indulge a strong presumption that a plaintiff who has proved discrimination is entitled to back pay to the date of judgment. *E.E.O.C. v. Wilson Metal Casket Co.,* 24 F.3d 836 (6th Cir.1994); *Nord v. U.S. Steel Corp.,* 758 F.2d 1462 (11th Cir.1985). However, in its discretion a trial court may deny back pay to a successful Title VII plaintiff. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

■ Trial courts enjoy considerable discretion in determining the availability and amount of front pay because the court must predict future events and consider complicated and interlocking factors. *McCue v. Kansas, supra; Mason v. Okla. Tpk. Auth.,* 115 F.3d 1442 (10th Cir.1997).

Here, the trial court held plaintiff was not entitled to back pay or front pay:

> This windfall amount is claimed after a jury, having heard all the evidence, found in its verdict that the Plaintiff incurred no damages. Even though the jury determined that the Plaintiff was subjected to sexual harassment from the actions of Undersheriff Rowan and to retaliatory action by Sheriff Waterman, she sustained no damages. It would be a strange outcome to award her $313,684.00 merely for bringing this action when a jury of her peers, after hearing her testimony, held that she had "0" damages. The Defendant Waterman contends . . . that the Plaintiff was, in fact, not the prevailing party in this action. The Court agrees with the Defendant. The Plaintiff did not receive any monetary damages nor nominal damages in the jury's verdict. The Court is now being requested to reach a different conclusion than that of the jury. Without a monetary recovery as determined by a jury verdict, the Plaintiff simply has not prevailed and,

hence, is not entitled to an award of back pay and front pay.

We conclude the trial court applied two incorrect legal standards.

First, plaintiff prevailed because she received a verdict on detailed special interrogatories finding defendants discriminated and retaliated against her. *See Gudenkauf v. Stauffer Communications, Inc.,* 158 F.3d 1074 (10th Cir.1998)(a verdict in favor of plaintiff constitutes a victory on a significant legal issue and serves a public purpose, even if plaintiff receives no damages).

■ Second, courts may award back pay and front pay even though the plaintiff recovers no compensatory damages. *See, e.g., Amantea–Cabrera v. Potter,* 279 F.3d 746 (9th Cir.2002); *Corti v. Storage Tech. Corp.,* 304 F.3d 336 (4th Cir.2002); *United States E.E.O.C. v. W & O, Inc., supra; Hennessy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344 (7th Cir.1995).

Back pay and front pay preexisted compensatory damages, which constitute an additional form of relief. *See Pollard v. E.I. du Pont de Nemours & Co., supra.* Thus, even in the absence of compensatory damages, back pay and front pay may still be necessary to effectuate Title VII's purposes of eradicating employment discrimination and making a discrimination victim whole. *Cf. Albemarle Paper Co. v. Moody, supra* (identifying purposes of relief under Title VII).

■ Accordingly, we conclude the reasons articulated by the trial court to deny plaintiff equitable relief are legally insufficient, and therefore on remand the trial court must reconsider an award of back pay and front pay. The trial court can better address arguments in defendants' answer brief, such as whether retaliation caused any wage loss, whether plaintiff would have been discharged in any event, and whether plaintiff's unclean hands preclude equitable relief, assuming, without deciding, that the verdict does not foreclose some or all of these arguments.

■ In this regard, we note that, if the trial court declines to award back pay or front pay, it must "carefully articulate its reasons." *Albemarle Paper Co. v. Moody,*

*supra,* 422 U.S. at 422 n. 14, 95 S.Ct. at 2373; *see also Estate of Pitre v. W. Elec. Co.,* 975 F.2d 700 (10th Cir.1992); *E.E.O.C. v. Rath Packing Co.,* 787 F.2d 318 (8th Cir.1986).

## II. New Trial on Compensatory Damages

Plaintiff next contends the trial court committed various errors in denying her motion for a new trial on compensatory damages. We agree only that the trial court erred in striking an affidavit that described possible juror misconduct during voir dire and remand for further proceedings on that issue, as discussed in subsection E below. Otherwise, we find no error.

### A.

Plaintiff argues the trial court erred in refusing a new trial pursuant to C.R.C.P. 59(d)(1) because an instruction misled the jury. However, plaintiff has not preserved this issue for appeal.

Under C.R.C.P. 51, a party must make all objections to a proposed jury instruction before the instructions are submitted to the jury. Except in very rare circumstances, only these objections are proper for consideration in a motion for a new trial, on appeal, or on certiorari. *See Blueflame Gas, Inc. v. Van Hoose,* 679 P.2d 579 (Colo.1984); *Robinson v. City & County of Denver,* 30 P.3d 677 (Colo.App.2000).

■ Here, plaintiff contends the following portion of an instruction misled the jury: "In calculating damages, you should not consider any back pay or front pay that the plaintiff lost. The award of front pay and back pay should you find the defendant(s) liable, *will be calculated and determined by the court"* (emphasis added). According to plaintiff, the jury must have concluded that an award of back pay and front pay by the court was guaranteed upon their finding of liability.

Plaintiff tendered this instruction. Moreover, plaintiff did not object to this jury instruction before the trial court submitted the instructions to the jury.

Accordingly, we will not consider her appellate objection to this instruction.

### B.

Plaintiff next argues the trial court erred in refusing a new trial pursuant to C.R.C.P. 59(d)(5) because the jury's damage award was inadequate. We disagree.

■ The decision to grant a new trial for excessive or inadequate damages rests in the trial court's sound discretion. *Koch v. Dist. Court,* 948 P.2d 4 (Colo.1997). A trial court should grant a new trial on damages only when the damages are grossly and manifestly inadequate or so small as to indicate clearly and definitely that the jury neglected to consider the evidence, *Millican v. Wolfe,* 701 P.2d 107 (Colo.App.1985), or was influenced by bias, passion, prejudice, or other improper motives. *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P.2d 382 (1951).

Here, the jury was properly instructed to award damages in an amount that would fairly compensate plaintiff for emotional pain, suffering, inconvenience, and mental anguish that she proved were caused by defendants' wrongful conduct.

The jury heard testimony from plaintiff and two experts concerning her panic disorder, anxiety, agoraphobia, and posttraumatic stress disorder during and after the harassment and retaliation. These experts based their opinions on symptoms described by plaintiff, on their observations of her, and on treatment records from her counselor, physiologist, and social worker, none of whom testified.

However, the evidence also showed that plaintiff had a history of anxiety, depression, sleeplessness, and other symptoms similar to those testified to by her experts. She had been on prescription antidepressant medication for several years before she experienced sexual harassment in the sheriff's office. And plaintiff had suffered sexual abuse as a child.

■ From this evidence, we cannot conclude as a matter of law that the verdict of no compensatory damages is grossly or manifestly inadequate. The jury could have decided plaintiff's emotional suffering was a continuation of her earlier emotional prob-

lems. *See Lee's Mobile Wash v. Campbell,* 853 P.2d 1140 (Colo.1993)(jury verdict awarding no damages upheld where the plaintiff had experienced mental impairment before the accident and his symptoms could have been caused by several other factors, including prior psychological problems). The jury also could have rejected the testimony concerning plaintiff's recent emotional suffering as not credible. *See, e.g., Murphy v. Glenn,* 964 P.2d 581 (Colo.App.1998). And although the verdict for plaintiff on sexual harassment means that the jury found at least some of the undersheriff's conduct unwelcome, the jury could have been swayed by evidence of plaintiff's apparently willing participation in some of the conduct that she later claimed was improper.

The cases on which plaintiff relies, *Kistler v. Halsey,* 173 Colo. 540, 481 P.2d 722 (1971), and *Martinez v. Shapland,* 833 P.2d 837 (Colo.App.1992), are distinguishable. In both of those cases, the verdicts awarding only special damages and no damages, respectively, could not be reconciled with uncontroverted and indeed uncontrovertible evidence of physical injury resulting from the accidents. Here, in contrast, plaintiff's claimed emotional suffering is not objectively verifiable, but rather depends on her credibility and that of her experts as to causation, nature, and degree.

Accordingly, we conclude the trial court did not abuse its discretion in refusing to grant a new trial because the jury's damage award was inadequate.

### C.

Plaintiff next argues the trial court erred in refusing a new trial on damages because the jury failed to follow the instructions. We are not persuaded.

As discussed above, the jury verdict was not manifestly inadequate and therefore does not indicate the jury failed to follow the instructions. *See Millican v. Wolfe, supra.*

Moreover, CRE 606(b), discussed in subsection E below, bars any inquiry into the jury's deliberative process to show misunderstanding of an instruction. *See People v.*

*Collins,* 730 P.2d 293 (Colo.1986); *Santilli v. Pueblo,* 184 Colo. 432, 521 P.2d 170 (1974).

Accordingly, we conclude the trial court did not err in refusing to grant a new trial on this ground.

### D.

■ Plaintiff next argues the trial court erred in refusing a new trial on damages because, based on a scheduling discussion with the trial court, the jury believed it had to return a verdict by 6 p.m. However, plaintiff did not raise this issue in the trial court, and we generally do not decide issues raised for the first time on appeal. *See, e.g., Pizza v. Wolf Creek Ski Dev. Corp.,* 711 P.2d 671 (Colo.1985); *Wisehart v. Zions Bancorporation,* 49 P.3d 1200 (Colo.App.2002).

### E.

Plaintiff finally contends the trial court erred in refusing a new trial because of a juror's alleged misrepresentation or concealment in response to questions by plaintiff's counsel during voir dire. We conclude the trial court erred in striking the portion of another juror's affidavit submitted by plaintiff describing this possible misconduct. Plaintiff discovered this issue only after the jury returned its verdict. Therefore, we conclude remand for an evidentiary hearing and factual findings as to possible juror misconduct is necessary to resolve this aspect of plaintiff's motion for a new trial.

■ The purpose of voir dire is to determine whether any potential juror has beliefs that would interfere with a party's right to receive a fair and impartial trial. *People v. Rudnick,* 878 P.2d 16 (Colo.App.1993).

■ If discovered during trial, a potential juror's failure to answer questions truthfully during voir dire may justify replacing the juror with an alternate or may require a mistrial. When mendacity is discovered only after the jury renders a verdict, a new trial may be warranted. *People v. Dunoyair,* 660 P.2d 890 (Colo.1983). However, untruthful answers on voir dire do not per se entitle a party to a new trial. *Allen v.*

*Ramada Inn, Inc.*, 778 P.2d 291 (Colo.App. 1989).

■ When a juror deliberately misrepresents important information potentially relevant to a preemptory challenge or knowingly conceals a bias or hostility towards a party, that fact may necessitate a new trial because the juror's knowing misrepresentation or concealment alone shows that the juror is likely incapable of rendering a fair and impartial verdict. *People v. Dunoyair, supra.*

■ If a juror's misrepresentation or nondisclosure was inadvertent, however, then the aggrieved party must show the nature of the misrepresented or undisclosed information "was such as to create an actual bias." *People v. Dunoyair, supra*, 660 P.2d at 896. Absent this showing, we presume the juror followed the instructions and based a decision on the evidence and the law. *Rose v. Colo. Factory Homes*, 10 P.3d 680 (Colo.App. 2000).

Evaluation of juror misrepresentation or concealment often implicates CRE 606(b), which provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jurors' attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

■ Under this plain language, we exclude "juror testimony or affidavits divulging juror deliberations, thought processes, confusion, mistake, intent, or other verdict impeaching grounds." *Stewart v. Rice*, 47 P.3d 316, 322 (Colo.2002). Thus, investigation into juror misconduct must "cease once 'any possibility' arises that the juror is acting during deliberations based on his or her view of the sufficiency of the evidence." *People v. Kriho*, 996 P.2d 158, 167 (Colo.App.1999). However, CRE 606(b) does not bar inquiry into matters that arise before jury deliberations begin. *See Wilson v. O'Reilly*, 867 P.2d 92 (Colo.App.1993); *see also United States v. Henley*, 238 F.3d 1111 (9th Cir.2001)(interpreting similar Fed.R.Evid. 606(b)).

Here, during voir dire, plaintiff's attorney asked the panel about "too many groundless and frivolous lawsuits." Prospective juror A said that he considered sexual harassment "a waste of time," believed that the law on sexual harassment was wrong, and believed that women who encounter harassment in a male-dominated workplace, but cannot handle it should just "change jobs." After juror A was excused, the attorney then asked how other prospective jurors felt about "frivolous or groundless lawsuits." Juror M did not respond.

Plaintiff's motion for a new trial included an affidavit from juror B, seated next to juror M, who said juror M told her—immediately after the "change jobs" statement and before plaintiff's attorney renewed the question—that she shared this view. Juror B's affidavit also explained that during deliberations, juror M refused to consider awarding plaintiff compensatory damages, which was corroborated in an affidavit from another juror.

Defendants submitted an affidavit from juror M saying "she does not remember making any statement to juror [B] that [she] agreed with the remarks of the potential juror [A], who said that sexual harassment lawsuits were not applicable under the facts of this case" and "at all times she followed the instructions of the court with the intent of being a fair-minded juror."

■ In opposing plaintiff's new trial motion, defendants cited CRE 606(b). The trial court denied plaintiff's motion for a new trial on damages in a written order, saying, without explanation, that the motion was meritless and striking all juror affidavits from the record. We conclude the trial court erred in finding CRE 606(b) barred that part of juror B's affidavit discussing juror M's statement

during voir dire. *See Wilson v. O'Reilly, supra.*

We agree with the trial court that the portion of juror B's affidavit and all of the other juror's affidavit, which discuss the jury's deliberative process, are barred by CRE 606(b). However, we need not penetrate the jury's deliberative process to conclude that juror B's affidavit warranted an evidentiary hearing concerning juror M's alleged failure to disclose bias during voir dire. *Compare Allen v. Ramada Inn, Inc., supra* (new trial ordered because juror who was rape victim deliberately failed to respond when asked whether she had been or knew anyone who had been raped), *with People v. Christopher*, 896 P.2d 876 (Colo.1995) (judgment affirmed because juror's inadvertent failure to disclose acquaintance with testifying officer was of only peripheral significance).

Accordingly, we vacate this aspect of the trial court's order and remand the issue to the trial court for an evidentiary hearing and factual findings whether juror M misrepresented or concealed her beliefs during voir dire, whether the misrepresentation or concealment was deliberate or inadvertent, and whether a new trial on compensatory damages is required. *Cf. People v. Meis*, 837 P.2d 258 (Colo.App.1992)(remand for findings whether juror was able or qualified to perform duties in light of uncertainty whether trial court considered necessary factors).

The trial court's orders declining to award back pay or front pay and declining to consider the issue of juror M's alleged nondisclosure during voir dire are reversed, and the case is remanded for further proceedings on those matters consistent with this opinion. In all other respects, the judgment and orders are affirmed.

Judge DAVIDSON and Judge ROY concur.